ABRAM M. HASSELL

*v.*

FRANCES L. VAN HOUTEN et al.

Under the statute authorizing the assignment of counsel to indigent suitors, the complainant was assigned to assist the defendant in a suit to recover from a life insurance company the amount of a policy on her husband's life. The complainant thereupon made an agreement with her to prosecute the claim; and, if successful, to receive one-half of the amount recovered, and if not successful, to receive nothing. He did prosecute the suit, paid the costs incurred, and recovered the amount of the policy, $1,000, besides $339.27 interest thereon. —*Held*, that he was entitled to one-half of this whole amount.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. J. Coult,* for complainant.

*Mr. S. H. Baldwin,* for defendant Mrs. Van Houten.

THE CHANCELLOR.

This suit is brought to recover one-half of a fund, represented by a bank check, given by the Masonic Mutual Life Insurance Company, of Newark, in payment of the debt and interest due

Hassell v. Van Houten.

on the decree of this court in *Van Houten* v. *Pine, 11 Stew. Eq. 72.* For the taxed costs and interest thereon the company gave its check to the complainant in this suit, Abram M. Hassell, Esq., who was solicitor for the complainant (Mrs. Frances L. Van Houten) in that one, and for the debt and interest gave her its check payable to her order. That check was certified to be good by the bank on which it was drawn. Mr. Hassell took possession of it to secure him for the amount of his fee for collecting the money, according to an agreement between him and Mrs. Van Houten on that head, made before the suit was begun. She refused to endorse the check, or to authorize him in any way to receive the money for it, or to pay him the fee, according to the agreement. This suit is brought against her and Messrs. Pine and Ingalls, in their official capacities (one is president and the other secretary and treasurer of the company, which is unincorporated), and the bank, for relief in the premises, to establish Mr. Hassell's lien for the fee on the check and the fund which it represents, and to compel Mrs. Van Houten to endorse the check, or authorize him or some one else to endorse it for her, so that he may draw the money, and after taking out his fee, pay the balance to her. The bill also prays that the company may be

---

NOTE.—By an old order in chancery, after a party had been admitted to sue *in forma pauperis*, and counsel had been assigned, no fee, profit or reward could be taken by him from the pauper, nor could any agreement be made for compensation afterwards, *Beames on Costs* *118 ; 1 Dan. Ch. Pr. *41.

In *Philipe* v. *Baker, 1 C. & P. 533*, in an action of *assumpsit* for business done as a solicitor, with the common counts, it appeared that the defendant had employed the plaintiff to defend him in a suit in chancery ; that the plaintiff, before filing an answer therein, had prepared a petition that the plaintiff be allowed to proceed *in forma pauperis*, which was ordered, and the answer thereupon entered, but that the suit proceeded no further.—*Held*, that the plaintiff, as solicitor, could only recover the amount of money he had actually paid out.

In *Dooly* v. *Great Northern Railroad, 4 El. & Bl. 341, 2 El. & El. 576*, the plaintiff sued *in forma pauperis*, and recovered £150, and the court certified for costs. The plaintiff's attorney thereupon paid fees to his counsel, and claimed, in the bill of costs, the fees so paid, and also remuneration for his own services. The master, on taxation, disallowed both. Lord Campbell, at chambers, approved the master's decision. On rule to show cause, Lord Campbell's ruling was affirmed. See, also, *James* v. *Harris, 7 C. & P. 257 ; Hoare* v. *Coupland, 14 Jur. 247.*

Hassell *v.* Van Houten.

required to give to him a new check for, or pay to him the amount of the fee and pay her the balance. A general demurrer to the bill by Messrs. Pine and Ingalls has been allowed, on the ground that the bill presents no claim for relief against the insurance company (*infra p. 113*). Since this suit was·begun the money has, by agreement of parties, been drawn upon the check, and after paying $250 to the complainant on account of his demand, and the like sum to the solicitor of Mrs. Van Houten, the balance has been paid·into court to the credit of the cause.

The complainant alleges that Mrs. Van Houten agreed with him, before the suit to recover the insurance money was brought, that, if he would undertake to collect the claim upon the policy, which was for $1,000, on the life of her deceased husband, she would pay him for his fee for the service one-half of the amount recovered, whether obtained by suit or compromise. If he failed to collect or settle the claim, he was to have nothing. She denies that she agreed to pay him any specified sum for his services, but in her answer admits that before the suit was begun she offered to pay him $500, but says he declined to accept that sum and declined also to enter into any agreement for payment of his fee out of the money to be recovered, on the ground that the existence of such agreement, if known, might prejudice her in

In *Wright* v. *Burroughes, 3 C. B. 344,* a pauper plaintiff having, behind the back of his attorney, and under circumstances showing an intention to deprive him of his costs, agreed with the defendants, in an action for unliquidated damages, to execute a release, and the defendant having pleaded the release, the court, at the attorney's instance, set aside the plea, *Tindal, C. J.,* saying : " It is the *spes spolii* alone that induces the attorney to undertake the conduct of a pauper cause." See *Quinnan* v. *Clapp, 10 Abb. N. C. 394.*

In *Holmes* v. *Penney, 9 Exch. 584,* the plaintiff brought an action for work and labor, as an attorney. At the trial it appeared, in June, 1851, the defendant retained the plaintiff as his solicitor in a chancery suit, in which he was a defendant ; that he stated to the plaintiff that he was a poor man, but that he would be entitled to some property upon his·father's death. The plaintiff agreed to do the work " upon the ordinary terms," and consented not to press the defendant, but to wait until he should come into the possession of his property. On July 29th, the defendant obtained an order to proceed in the chancery suit *in forma pauperis,* and the plaintiff was appointed his solicitor therein, and the defendant had counsel also appointed to him. On October 31st, defendant's father died, of which the plaintiff became aware, but took no

Hassell *v.* Van Houten.

the suit, and told her he would charge her only what was right. The proof establishes, by the weight of evidence, the fact that the agreement was made as alleged in the bill. Not only does the complainant swear to it positively and distinctly, but he is corroborated by proof of the admissions of Mrs. Van Houten that such was the agreement between them. Jacob H. Van Ness testifies that after the suit was ended, she said that she had agreed with Mr. Hassell to give him half of the claim for his services. William M. Smith says she said she had agreed to give Mr. Hassell half of the principal for his services. William M. Clark testifies that she told him while the suit was in progress, and soon after it was begun, that she had employed Mr. Hassell to prosecute it, and that he was to have half of whatever he should recover. There is also evidence that she made a like offer to another lawyer before she employed Mr. Hassell, but the former declined to undertake the business for a contingent fee. There is nothing opposed to this testimony by and on behalf of the complainant, except her own denial (notwithstanding what is said in the answer on the subject) that she ever agreed or offered to pay him any sum for his services. Mrs. Van Houten was in indigent circumstances, and unable to pay a lawyer for his services in endeavoring to collect her claim. Ac-

---

steps to have the defendant dispaupered. On December 8th, an order was made that the defendant should be dispaupered as from October 31st. On March 10th, 1852, the bill in chancery was dismissed. This action was brought to recover compensation for services performed in the chancery suit, including counsel fees, which, however, had not been paid. The plaintiff recovered a verdict for £180, the full amount of his claim, with leave to the defendant to move to reduce it to such sum as the court should think fit. On a rule to show cause—*Held,* that plaintiff could not recover for the counsel fees demanded by him; nor for "skill and advice" between July 29th, and October 31st; nor for any services rendered by him between October 31st and December 8th, Parke, B., saying: "If the pauper is liable for this part of the claim, it must be by virtue of some contract; but there was no such evidence, and indeed the case was not rested upon that ground at the trial; and if it had been, I think it would have failed, as being a contract without consideration, and consequently *nudum pactum.* The plaintiff clearly had no ground for charging the defendant in his original agreement." See *Revel* v. *Pearson, 12 Ired. 244.*

In *Kelly's Case (N. Y. C. P.), N. Y. Reg., May 10th, 1883,* Mrs. Kelly agreed

Hassell v. Van Houten.

cording to the bill, she had offered to settle it with the company if they would pay her a comparatively small sum of money (from $300 to $500), enough to buy a lot in a cemetery. The answer does not deny it. Mr. Clark testifies that, after the suit was brought, she requested him to get a settlement with the company on those terms, but he declined. Before Mr. Hassell undertook the business, she appears to have been unable to get anyone to prosecute or undertake to collect her claim, because she was unable to pay for such service. The amount recovered was $1,339.27, of which $339.27 were interest. The suit was in progress for over a year and a half.. After the decree had been obtained, she said she was willing to pay Mr. Hassell $500, one-half of the principal, and in her answer she says, as before stated, that she originally offered him that sum. He and she disagree as to his right to one-half, $169.63, of the interest. There is no legal objection to the enforcement of the contract in question. It has been held by the supreme court that the law of champerty and maintenance does not exist in this state.. *Schomp* v. *Schenck, 11 Vr. 195.* And I do not see any reason for denying the validity of such an agreement. If such agreements cannot be enforced, there must be many cases in which the poor will be unable to assert their rights. It is true our law

with an attorney to give him one-half of what he might recover from a defendant, in an action for personal injuries to her. The attorney began the suit in the superior court, but it was dismissed, with costs. Thereupon he began another action in the common pleas, and obtained an order to proceed *in forma pauperis;* and in this action the plaintiff obtained a judgment.—*Held,* that, as against the plaintiff, the agreement to divide the money recovered was void, because the plaintiff sued as a pauper, and that whether the defendant could, or could not set off the costs of the first action against the costs of the second, so far as the plaintiff was concerned, the attorney could not, by virtue of his agreement, raise that question. See, also, *Clark* v. *Dupree, 2 Dev. 411.*

An attorney assigned by the court to defend one charged with a crime, cannot recover from the county for his services, *Cooley's Const. Lim. *334; also Case* v. *Shawnee Co., 4 Kan. 511; People* v. *Albany Co., 28 How Pr. 22; Wayne Co.* v. *Waller, 90 Pa. St. 99; Wright* v. *State, 3 Heisk. 256; Elam* v. *Johnson, 48 Ga. 348; Rowe* v. *Yuba Co., 17 Cal. 61; Kelley* v. *Andrew Co., 43 Mo. 338; Dane* v. *Smith, 13 Wis. 585; Weisbrod* v. *Winnebago Co, 20 Wis. 418; Reg.* v. *Fogarty, 5 Cox C C. 161;* see *Jones* v. *Goza, 16 La. Ann. 428; Gordon* v. *Dearborn Co., 52 Ind. 322.*—Rep.

and practice provide for the furnishing by the court of the requisite professional assistance to poor persons having a cause of action or suit, and for the rendering by the attorney or solicitor and counsel, and of all other officers of the court, of their services in the litigation, without compensation, yet there are services, such as the procuring of the necessary proof, and expenses, such as the cost of printing &c. &c., which may be requisite to the vindication of the suitor's rights, which are not thus devolved upon the attorney or solicitor or counsel so assigned. In this case, such an assignment of Mr. Hassell was made. Out of the taxed costs recovered he paid all the fees to which, by law, the other officers of the court who had rendered services in the suit would have been entitled had there been no assignment. It is urged that under that assignment he was bound to render his services without compensation, and therefore is debarred from enforcing the agreement. But the object of the humane provision under consideration is to furnish to indigent suitors the means of vindicating their rights, which otherwise, because of their poverty, they would not be able to assert; and if they are unsuccessful, the officers of the court whose aid has been required under it must of necessity go without compensation. The fact that he has been so assigned will not debar the lawyer from enforcing an agreement for compensation dependent upon success in establishing the right, by which success the suitor will be provided with the means of remuneration. The complainant in this case has established a valid contract for the payment to him, for his services, of one-half of the sum recovered, besides his costs, and he should be decreed to have a lien accordingly upon the fund in court for so much of his claim as still remains unpaid, besides his costs of this suit.