ANNIE OSIEL

*v.*

SEMAH OSIEL.

[Decided March 30th, 1906.]

1. Where, in a suit for divorce, there is no evidence that the petitioner ever resided in this state, and it appears that after the defendant had committed bigamy in this state, and while he was stopping here with the second woman petitioner came from England, where she had been living with her parents, to aid in the prosecution of her husband for bigamy, the New Jersey courts have no jurisdiction of her action for divorce, neither party being a resident of this state.

2. It is the duty of all solicitors making applications in cases *in forma pauperis* to see to it that applicants, so far as they are able by investigation to determine, are entitled to favorable consideration, and that all of the facts calling for the exercise of discretion in behalf of such applicants exist.

On petition for divorce.

*Messrs. Hampson & Parry,* for the petitioner.

GARRISON, V. C.

This is an *ex parte* divorce case, and the only question in it is as to jurisdiction.

The petitioner, at the time of the institution of the proceedings, although she states in her petition that she was a resident of New Jersey, does not show by any proofs that she ever resided in New Jersey. The only evidence concerning her is by one of the witnesses, who quotes the defendant as having said that he had called upon her in Brooklyn, N. Y., after he had contracted the second marriage, next alluded to.

The proofs show that the defendant was residing in Brooklyn, N. Y., apparently with his wife, the petitioner, although this is not definitely proven. He came to New Jersey and on the 14th day of August, 1899, went through a ceremony of marriage with another woman. He represented to the justice of the peace in Newark, N. J., where the second marriage was contracted, that he was a resident of the State of New Jersey, but the proofs utterly fail to show that he had, up to that time, resided here, and the other proofs concerning residence fail to show that he ever intended to reside here.

The testimony of the second woman is that immediately after the marriage they went to live with her mother, their intention being to stay there two weeks, and then depart upon a honeymoon journey to Spain, upon returning from which they intended to reside in New Jersey. During these two weeks the petitioner learned of her husband's whereabouts and came to the house of the mother of the second woman that he had married, whereupon he fled. He was gone several years, when he was apprehended in the State of New York, extradited to New Jersey, and sentenced to state prison for four years. While in state prison this action was brought.

Since the petitioner utterly fails to show that she was a resident, and since I hold that the above facts do not prove that he was a resident at the time of the filing of the petition, I

find that there is no jurisdiction, and the petition must be dismissed.

There is another matter disclosed in this case which should be referred to, although it has had no effect upon the determination thereof. The petitioner in this suit obtained permission to prosecute the same *in forma pauperis* upon an affidavit sworn to by her, in which she deposes that she is "of the city of Newark, county of Essex and State of New Jersey." The proofs fail to show that she ever at any time in her life lived in the State of New Jersey, and they do show that at the time she made the affidavit she was living with her parents at or near London, England, and only came to this country at the request of the police officials of Newark, N. J., to aid in the prosecution of her husband, who had been indicted for bigamy.

It should not be necessary to point out to the bar and to those who seek by means of applications of this sort to litigate their cases in this state without expense to themselves, that the utmost good faith should be observed. I have not considered, and do not think that it is necessary to consider, whether a non-resident would be favored under our laws by permission to sue without expense, or whether—conceding that such would be the case—greater scrutiny of applications of non-residents should be made.

It is sufficient to reiterate the obvious statement that entire openness and honesty should characterize applications calling for the exercise of this discretion. This application was not characterized as such, but, either purposely or through carelessness, contains an untruth.

It is the desire of the court—and I am not now speaking individually—that all members of the bar who have anything to do with applications in cases *in forma pauperis,* shall see to it that the applicant, so far as they are able by investigation to determine, is entitled to favorable consideration, and that all of the facts calling for the exercise of discretion in behalf of such applicant exist.

It is for the purpose of bringing this matter to the attention of the bar that this memorandum is published.