The petitioner has applied to me for the assignment of a solicitor and counselor to prosecute for her a cause for divorce *Page 471 
against her husband, without fee or reward, agreeably to the provisions of the Divorce act. P.L. 1907 p. 474 § 29.
The statute provides that when any person shall have cause of suit under the act, and shall make affidavit that he or she is not worth $100 clear estate, the chancellor may, at his discretion, assign to such poor person a solicitor and counsel to prosecute such cause, who, together with all other officers, shall perform their respective duties without fee or reward.
Now, it will be observed that this granting of leave to sue informa pauperis is discretionary with the court, and it ought to be granted only when the court is convinced that substantial justice requires it. Mr. Biddle lays it down that rarely will this privilege be granted to the husband. Bid. N.J. Div. Pr.
(2d ed.) 176. And the privilege once granted may be revoked and the recipient dispaupered and ordered to pay costs. Moon v.Moon, 43 N.J. Eq. 403, and note. And the indigent must in any event pay for services not rendered by officers of the court. Of course, the solicitors do not have to expend any of their own money in the prosecution of these cases. If defendant cannot be served by the sheriff, the cost of publication must be raised and paid by the petitioner.
With the increase of divorce cases has come an increase of these applications — almost exclusively from women — in fact, this class of cases has become disproportionately large, and, while some of them are worthy and call for relief, something must be done to check the ever-increasing tendency of a large number of suitors imposing upon the court and thus obtaining, free of cost, release from the bonds of matrimony, into which, in many cases, they hastily and thoughtlessly entered, perhaps believing that they could almost as easily obtain its dissolution if they chose.
One learned master of the court has advised me to suspend the operation of the statute for a year, and thus, for the time being, discourage the avalanche of applications of this kind. That I am unwilling to do, but propose for the future that the members and officers of this court shall scrutinize these applications with far more diligence than ever *Page 472 
before, and set on foot inquiries to elicit the exact financial condition and resources of the applicants. Another master has informed me that some time since, on reference to him as to the propriety of granting permission for a woman petitioner to suein forma pauperis, she appeared before him attired in furs and silks, her fingers bedizened with rings, yet told a story of poverty and impossibility of paying for a divorce; that when he informed her that he would not recommend that counsel be assigned for her, she denounced him and demanded that such assignment be made, saying that she knew that the state provided lawyers free for the obtaining of divorces. One of the vice-chancellors recently informed me that in a certain manufacturing city in this state, where many girls are employed, that as soon as one obtains a divorce in forma pauperis a number of them rush to his chambers applying for the same relief, and, when advised to consult counsel they say that such and such a woman, naming her, obtained a free divorce and that they are told that they are entitled to them. The advisory masters inform me that from two-thirds to three-fourths of these applications come from Trenton. This disproportion is only to be accounted for by knowledge of the fact that the court of chancery and its offices are located in the state house here, and that it is a matter of ease for these would-be divorcees to come up to the state house and interview the chancellor, vice-chancellor, advisory master or even clerks in the chancery office, in their endeavor to obtain divorces free of cost.
In Osiel v. Osiel, 71 N.J. Eq. 189, Vice-Chancellor Garrison held that it is the duty of all solicitors making applications in forma pauperis to see to it that applicants, so far as the solicitors are able, by investigation, to determine who are entitled to favorable consideration, and that all of the facts calling for the exercise of discretion in behalf of such applicants (in forma pauperis) exist, to the end, of course, that if the applicant does not show himself or herself entitled to the favorable consideration of the court, the petition should be denied. *Page 473 
Hereafter, whenever any person shall petition the court for the assignment of a solicitor and counsel to prosecute a cause for divorce as a poor person, such petition shall be referred to a master, who shall diligently inquire into such application, and if he shall find that such person is poor and not worth $100 clear estate, he shall further inquire and report (a) whether such person has a probable cause for suit under the Divorce act, and, if so, what; (b) whether both or either of the spouses have the proper residential qualifications to clothe the court with jurisdiction; (c) where such petitioner is employed and at what wages, and whether he or she has any other means of support; (d) with whom said person lives, and who are the members of the family with whom he or she lives; (e) whether he or she is of financial ability to employ counsel to conduct a cause for divorce, or can obtain aid in the prosecution of such suit, and, if so, what; and (f) any other pertinent matter which the master may consider of importance and which he shall deem it proper to inform the court, a standing rule of court having been promulgated on this subject.
The case before me will be referred to a master.