On the filing of the petition by Mrs. ----, setting up that she was a poor person, and had cause of suit to obtain a divorce from her husband under the act of the legislature (Revision of 1907), to which she appended her affidavit that the facts stated were true and that she was not worth $100 clear estate, an order of reference was made to a master in chancery to ascertain and report upon the propriety of permitting her to prosecute informa pauperis and of assigning counsel to her for that purpose. This was done under the rule recently promulgated, and which is referred to in my former opinion in this case (reported in4 N.J. Adv. R. 1484; 99 N.J. Eq. 470).
The practice established by that rule of granting none of these petitions except upon a very searching investigation by the master as to the facts and the worthiness of the petitioner, is amply justified by the result in this case. She proved before the master that she was not worth $100; that she was employed at housework, earning about $7.50 a week, and that was her only means of support; that her father was dead but that she had six sisters and one brother, who are without independent means and just earn sufficient for their own support; that she lived in a rented house with her four young children (who therefore could not help her); that *Page 40 
her husband was a laborer and formerly made from $20 to $30 a week, but that she had not seen him since August 17th, 1926, nor heard from him and did not know where he was. The master found the fact of residence necessary to give jurisdiction. He also reported that the defendant had abused his wife for years; that in September, 1925, he was arrested for assault and battery upon her and sentenced to from one to two years in the state's prison at hard labor; served ten months and came back, but she refused to live with him because he had abused her and threatened to kill her; he reported also that the petitioner had a probable cause for suit under the Divorce act on the ground of extreme cruelty. So far a good case was made for the petitioner, and, formerly, under the old practice, no further inquiry would be made, and the petitioner would have been permitted to sue in forma pauperis
with the aid of counsel assigned by the court. But, the master, by searching inquiries, directed by the new rule, also found credible evidence, which he took and reported to the court, that it appeared that the husband's arrest and conviction was most probably a "frame-up" (to use his exact words) on the part of his wife; that the fight that he had with her occurred because he found men at his home with her; that she had at least three men of ill-repute calling on her and that she drank intoxicating liquors with them and actually got drunk; that she maintained her home in a filthy condition, allowing her children to run the streets and took no care of them; that the welfare association formerly gave her assistance but had withdrawn it on account of her conduct and character, but still helps her children.
Although the wife's derelictions may not amount to a matrimonial offense which would operate to defeat a suit for divorce brought by her (see Rogers v. Rogers, 81 N.J. Eq. 479;Bradbury v. Bradbury, 74 Atl. Rep. 150), nevertheless, she is not a woman of the character which appeals to the court to appoint a solicitor to sue for her gratis. In other words, she is not such a one as the state should aid to obtain a divorce free of cost; that is, require the officers of the court and of the law to work for her for nothing. *Page 41 
Of course, the judgment and conviction against the defendant for assault and battery upon his wife imports a verity This court cannot rejudge its justness. It may be, however, that this court in this cause can say that there was great provocation for the assault which was not excused in law. But it is unnecessary to consider or decide that question Enough else appears to show that substantial justice does not require the court to give state aid to the petitioner to sue for a divorce which, by the way, she might obtain through counsel of her own selection compensated by her for his services. Leave to sue free of cost will only be extended to deserving petitioners.
As the act of the legislature which provides for the granting of leave to sue in forma pauperis makes it discretionary with the court to grant it or not, such leave ought not to be extended when the court is convinced that substantial justice does not require it, as stated in my former opinion in this case. Now, obviously, not only do the circumstances of this case not require the court in the exercise of sound discretion to grant her state aid in suing for divorce, but, on the contrary, those circumstances call for its denial, and such will be the order.