MAY S. WELDON, PROSECUTRIX, v. VILLAGE OF SOUTH ORANGE, AN INCORPORATED BODY, AND THE BOARD OF TRUSTEES OF THE VILLAGE OF SOUTH ORANGE, DEFENDANTS.

Argued October 5, 1926—Decided January 25, 1927.

An ordinance providing for the construction of sidewalks on a designated street, *held* to come within article 25 of the "Home Rule

act" (*Pamph L.* 1917, *p.* 319, 411, &c.), and not governed by the procedure as to enactment laid down in article 20 of that act.

On *certiorari.*

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutrix, *Koehler & Augenblick.*

For the defendants, *Thomas E. Fitzsimmons.*

The opinion of the court was delivered by

PARKER, J.   The writ brings up an ordinance "for the construction of sidewalks on both sides of Hamilton road, in the village of South Orange, excepting where approved sidewalks already exist." The fundamental grounds urged against the validity of the ordinance are that the work contemplated is a "local improvement" within the meaning of article 20 of the Municipalities act (*Pamph. L.* 1917, *p.* 320, *et seq.*); that owners of two-thirds in value of the assessable lands protested in writing (section 10, page 375, amended *Pamph. L.* 1922, *p.* 201), and that the governing body did not determine that the improvement was a public necessity, as provided in the amendment of 1922, and in an earlier amendment. *Pamph. L.* 1918, *p.* 485.

Granting the claim that the matter covered by the ordinance was a "local improvement," within the meaning of the statute, the position of prosecutrix would seem impregnable; but if that claim is not made good, the whole attack fails. We conclude that the claim is not well founded.

Sidewalks, and the improvement thereof, have always stood in a somewhat separate class in this state. *Agens* v. *Newark,* 37 *N. J. L.* 415, 423; *Lehigh Valley Railroad Co.* v. *Dover,* 80 *Id.* 63, and many other cases. Hence, it will be found, on examination of city charters and charter acts, that customarily the method laid down in the statute has been to impose the entire cost of making and improving sidewalks on the frontage *pro rata.* Sometimes the abutting owner has been permitted to lay his own sidewalk subject to municipal

supervision, and if he refuse, the municipality may do the work for him and recover the cost. Sometimes the municipality is to do it in the first instance. A few statutes are here cited as instances. Charter of Newark, *Pamph. L.* 1836, *p.* 196, § 26; *Pamph. L.* 1884, *p.* 336; *Comp. Stat., p.* 753; *Pamph. L.* 1890, *p.* 340; *Comp. Stat., p.* 1072; *Pamph. L.* 1902, *p.* 318, § 67; *Comp. Stat., p.* 1148; *Pamph. L.* 1903, *p.* 318, § 57; *Comp. Stat., p.* 1186.

Turning to the "Home Rule act" of 1917, we find the distinctive status of sidewalks, at least as to their construction, recognized and preserved. They are mentioned, it is true, in article 20 in connection with "curbing or recurbing, guttering or reguttering," any of which may be undertaken, says the act, as a "local improvement," *i. e.,* "one the cost of which, or a portion thereof, may be assessed upon lands in the vicinity thereof benefited thereby." This may be due to the physical fact that curbing and guttering are connected as closely with the roadway as with the sidewalks. But the *construction* of sidewalks is nowhere mentioned in article 20; on the contrary, it is specially provided for in article 25 (at *p.* 411); and a glance at the ordinance under review shows that that ordinance is aimed at the construction of sidewalks and at nothing else. Hence, we are not concerned with the question discussed in *Logan* v. *Belsferd, 94 N. J. L.* 505, whether the combination of construction of sidewalks, covered only by article 25 with "curbing and recurbing," &c., covered by both articles 20 and 25, results in a combination that calls for the procedure laid down in article 20 by way of notice, hearing and remonstrance. The case before us being predicated on construction alone, falls plainly under article 25. It then follows that the ordinance should be construed in the light of that article; and where it says "the expense of the said improvement shall be assessed in accordance with the statutes in such cases made and provided," the reference is to the appropriate legislation which is that of article 25.

As originally enacted, this part of the statute called for notice to abutting owners to do the work themselves, and on their failure to do it within thirty days, the municipality would do it for them. But in 1918 this scheme was radically

altered by an amendement (*Pamph. L., p.* 388) numbered as section 3-a which permits the municipality to proceed with the work in the first instance on giving notice of the pendency of the ordinance, and a hearing thereon. It is not claimed that such notice was not given or such hearing not afforded.

We conclude that the improvement contemplated came under article 25; that the procedure required by that article was substantially followed, and that the ordinance was regularly passed. This leads to a dismissal of the writ, with costs.