WALTER R. VANNOY, PROSECUTOR, v. BOROUGH OF
PENNINGTON, RESPONDENT.

Decided January 14, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *Henry M. Hartmann.*

For the respondent, *Cassel R. Ruhlman.*

PER CURIAM.

This writ brings up for review two ordinances of the borrough of Pennington; one fixing and establishing the lines and grades of sidewalks and curbs on the easterly side of South Main street and the other providing for the construction of such sidewalks and curbs by the adjoining property owners, and at the sole expense of the latter, and also brings up for review proceedings under such ordinances and particularly those that affect the property of the prosecutor which adjoins and abuts the line of the proposed improvement.

It appears that the grade established will require a cutting down of the highway in front of prosecutor's lands three feet five inches or three feet ten inches and the removal of seven or eight large trees. It is estimated that the cost of this will be $650. This cutting down of the grade will also come within five feet of the foundation wall of prosecutor's

dwelling and probably will require the construction of a retaining wall to protect his property.

The prosecutor urges the setting aside of these ordinances and proceedings upon these grounds:

1. Because the statutes under which the ordinances are enacted are unconstitutional.

This is said to be so because they authorize and seek to take property without compensation in violation of article 1 of the state constitution and the fourteenth amendment of the federal constitution.

It is argued that the statutes and the ordinance in question compel the laying of sidewalks on property owned and occupied by the prosecutor, and at his sole expense, and for the benefit and enjoyment of the public. Statutes of this character are not unconstitutional. Sidewalks and curbs are necessary incidents to the public use of a highway, and a change of grade of the highway adjacent to the lands of the prosecutor does not entitled him to damages therefor. *Agens* v. *Newark,* 37 *N. J. L.* 415 (at *p.* 423); *Hedden* v. *Verona,* 82 *Id.* 736, and *Sommers & Co.* v. *State Highway Commissioners,* 148 *Atl. Rep.* 171.

The next point argued is that the ordinances were not adopted in accordance with the requirements of chapter 152 (*Pamph. L.* 1917, as amended by *Pamph. L.* 1928, *ch.* 244), and that they are arbitrary and unreasonable.

Prosecutor's first contention under this point is that the power to alter the grade of a street is under paragraph c, article 20, chapter 244 (*Pamph. L.* 1928), and that it must be undertaken as a local improvement and the costs assessed according to the benefits conferred, and that section 1 of article 25 of the Home Rule act (*Pamph. L.* 1917, *ch.* 152), relating to the construction of sidewalks and curbs does not contemplate substantial grading, removal of trees and the construction of retaining walls at the expense of the adjoining owner. Now it appears that chapter 244 (*Pamph. L.* 1928) has no reference or application to the question of establishing the grade of a highway and contains no article 20, paragraph c. We agree with the contention of the prose-

cutor, however, that the substantial grading of a highway, not only from curb line to curb line, but for its full width from property line to property line is either a local improvement the cost of which may, in whole or part, be assessed against the lands benefited to the extent that they are specially benefited or a general improvement, the cost of which is to be borne by funds raised by general taxation. Only such slight and incidental grading as to make sidewalks and curbs conform to the established grade may be made a part of the cost of constructing sidewalks and curb and directly to be paid by and charged against the abutting landowner. If the ordinance requiring the construction of sidewalks along the line of prosecutor's lands requires him to bear the sole cost of the substantial grading, removal of trees and building of retaining wall, then such ordinance cannot be sustained as proper municipal legislation. This will be dealt with under another point.

The next contention is that the sidewalk ordinance and the notice to the prosecutor thereunder are uncertain as to what work is required. We think this is without merit.

The ordinance provides:

(a) That the owner of land fronting on South Main street is required "to construct, pave, repave, improve or repair at his, her, its or their own proper cost and expense the sidewalks * * *"; then follows a specification of such construction and then "and said sidewalks and curbs and the ground both inside and outside the walk from curb to curb line to the property line shall be constructed and placed at the grade and slope heretofore established * * *."

(b) "That said sidewalks may be curbed or recurbed, and if curbed or recurbed shall be with concrete eight inches in thickness and eighteen inches in depth."

This seems quite definitely to require the construction of sidewalks and the grading necessary to bring the sidewalks to the grade established by the grading ordinance. It is equally evident, we think, that it left optional with the landowner the construction of the curbs.

The notice served upon the prosecutor, under this ordi-

nance, was: "You are hereby notified to construct, pave, repave, curb, recurb, improve and repair the sidewalk in front of * * * your property." Then follows a description of prosecutor's property and a specification for the construction of the sidewalk and then" * * * and the sidewalks, and curbs, and the ground both inside and outside the walk from the curb line to the property line shall be constructed and placed at the grade and slope heretofore established as prescribed by an ordinance entitled * * *."

This seems to us to make two things definite:

1. The construction of sidewalks.

2. All grading necessary to conform with the grade ordinance.

But it would seem to leave indefinite and uncertain the construction of curbs. By the strict language of the notice the construction of curbs seems to be required, while the ordinance, as we have pointed out, leaves their construction optional with the landowner. Therefore, here, an irreconcilable and fatal variance undoubtedly exists.

Property owners are entitled to be exactly informed as to the demands made upon them. *State* v. *South Amboy*, 62 *N. J. L.* 197.

In this respect, therefore, the notice to prosecutor is defective and should be set aside as ineffective.

The next point urged and advanced in that the contemplated improvement is a local one and should proceed in accordance with chapter 152 (*Pamph. L.* 1917, art. 20, as amended by *Pamph. L.* 1928, *ch.* 244, *art.* 20, ¶ c), instead of article 25 thereof. As before pointed out *Pamph. L.* 1928, *ch.* 244, has no application to the matter before us.

Here again the argument seems to be that the borough, while having authority to establish grades and also to require and compel the laying of sidewalks, before being authorized to require the owners of adjoining lands to construct them at their sole expense, must have proceeded to substantially grade the highway, including the sidewalk space in accordance with the grade established. We speak of the contention of the prosecutor in this uncertain manner because it is difficult,

and almost impossible, from the reasons filed and the arguments contained in the brief of his counsel to be certain of the grounds and reasons actually advanced and urged.

Dealing most liberally with the prosecutor we are assuming that he is urging that the sidewalk ordinance and the proceedings thereunder require him not only to pay the cost of constructing the sidewalk in front of his lands, but also to bear and pay the entire cost of bringing the sidewalk space to the grade required by the grading ordinance, the removal of trees in the line of the work, and the construction of a retaining wall to protect his lands from the result of cutting down the grade of the highway in front of his lands.

In furtherance of his argument under this point prosecutor points to the action of the borough council at its meeting of April 7th, 1930, as conclusively showing its intention, which action requires the borough engineer to determine whether a retaining wall at the property of the prosecutor is necessary, and if so to build it, and the street supervisor is directed to proceed with the grading, removal of trees and laying of sidewalks, the cost, when determined, to be paid by the property owners. The cost of this grading, removal of trees and building of retaining wall, as is shown, will require the expenditure of a very large sum of money.

We think it is fair to assume and find that the intent and purpose of the sidewalk ordinance is to impose upon the prosecutor the entire expense of grading the sidewalk space in front of his property in compliance with the grading ordinance, remove the trees within such line, and also bear the entire cost of a retaining wall, if such wall be found necessary to protect his lands after the substantial cut required by the grading ordinance.

This, unquestionably, is beyond the power of the respondent to exact and require and the ordinance and proceedings thereunder for that reason must be set aside.

Respondent urges that the action of the prosecutor is—

(a) Premature, and (b) he is in laches.

It is urged that his action is premature because he is anticipating an excessive and illegal assessment and none has

yet been made or levied. We think not. The action of the respondent in directing its street supervisor to proceed and indicating its intention to assess the lands of the prosecutor was sufficient to spur him into action and, in fact, had he not moved forward, we think he might later have been said to be in laches if, having this knowledge, he stood by and did nothing.

He is said to be in laches because he has stood by since August 5th, 1929, and has done nothing, and in the meantime other property owners have obeyed the requirements of the ordinance in question.

This is without legal merit or substance.

We conclude, therefore, that the sidewalk ordinance and all proceedings thereunder must be set aside, with costs of this proceeding, and that the grading ordinance be affirmed as a valid municipal act.