9 N.J. Super. 341 (1950)
74 A.2d 429
CHARLES E. WHELAN, ET AL., PLAINTIFFS,
v.
THE BOROUGH OF CHATHAM, DEFENDANT.
Superior Court of New Jersey, Law Division.
June 26, 1950.
*342 For the plaintiffs, Mr. Harold A. Price (Messrs. Schenck, Price, Smith & King, attorneys).
For the defendant, Mr. Oscar F. Laurie.
SMALLEY, J.S.C.
This matter brings before the Court, for review, an ordinance of the Borough Council of the Borough of Chatham, adopted August 1, 1949, providing for the construction of sidewalks along portions of Weston Avenue and along the entire length of Duchamp Place, in the Borough of Chatham.
The ordinance as finally adopted, provided, in part, as follows: "5. That the cost of the construction of said sidewalks shall be borne by the owner or owners of the real estate in front of which the sidewalks are laid."
The plaintiffs are owners of certain property abutting on Weston Avenue and on Duchamp Place whose respective properties will be affected by the improvement provided for by the ordinance.
This matter comes before the Court on stipulation of facts and the taking of testimony on the 23rd day of March, 1950. Thereafter, and considerably thereafter, briefs were filed on behalf of the parties. The stipulation provided that the manner of passage of the said ordinance is not disputed. It was further stipulated that the primary and motivating purpose of the ordinance was to make provision for the safety of school children going to and from the Milton Avenue school from various parts of the Borough.
The section of the Borough of Chatham where the sidewalks are proposed appears to be predominantly residential. The new school was erected in the immediate vicinity of this area prior to the enactment of the ordinance in question. It is *343 then clear that the existence of this school was a principal factor in moving the defendant Borough to adopt the ordinance requiring the laying of the sidewalks by the ordinance under review.
Plaintiffs base their contention that the ordinance is invalid, upon two arguments;
1. That under the circumstances an ordinance providing that the entire cost of the sidewalk improvement shall be imposed upon the abutting owners is invalid, and,
2. That the procedure established by the ordinance is improper and does not comply with the statute, in particular as to notice to the property owners.
Plaintiffs rely heavily upon the line of cases stemming from Agens v. Mayor, etc., of City of Newark, 37 N.J.L. 415 (E. & A. 1874), decided by the former Court of Errors and Appeals, holding, "that the cost of a public improvement may be imposed on particularized property to the extent to which such property is exceptionally benefited and that any special burden beyond that measure is illegal."
It is plaintiffs' contention that their premises are not benefited by the proposed sidewalks. On the contrary, they argued that since the prime motivation of the council in adopting the ordinance was to provide safe access to the new school, their situation is controlled by the decision in Lehigh Valley R.R. Co. v. City of Dover, 80 N.J.L. 63 (Sup. Ct. 1910). This case must, however, be distinguished factually from the one at bar, for there a sidewalk was required to be laid only along one side of a certain street and that side was entirely joined by a canal leased by the railroad company. The holding that an assessment against the railroad company for the total cost of the sidewalk was an "act of arbitrary power" must thus be understood as an illegal exercise of the power vested in the municipal authorities.
Plaintiffs' contention that their properties are not exceptionally benefited might be appropriate if the ordinance under consideration were one to make a local improvement under R.S. 40:56-1 et seq., which provides for assessments of costs *344 in proportion with benefits. The ordinance here is not for such a local improvement but is rather for a construction project based upon R.S. 40:65-1 et seq. It is the practical result of the rule stated in Agens v. Mayor, etc., of City of Newark, supra, 37 N.J.L., p. 423.
"A sidewalk has always, in the laws and usages of this state, been regarded as an appendage to, and a part of, the premises to which it is attached, and is so essential to the beneficial use of such premises, that its improvement may well be regarded as a burthen belonging to the ownership of the land, and the order or requisition for such an improvement as a police regulation."
I can find but one authority for the proposition that sidewalks may be constructed as a local improvement. Mayor and Council of City of Hoboken v. Babbitt, 2 N.J. Misc. 505 (1924), opinion of the Supreme Court, affirmed by the Court of Errors and Appeals in 101 N.J.L. 403 (1925).
In that case there was a local improvement undertaken by authority of the Home Rule Act, P.L. 1917, c. 152, which included paving, sewers and sidewalks. It was held that assessing the total cost of the sidewalks against the abutting owners was not an exclusive method, but that when the sidewalks were included as a part of a local improvement then the assessment for the sidewalks could not exceed the benefits to the owners.
The holding of the last cited case must be limited to the factual situation therein found and when, as in the present case, a single construction of sidewalks alone is undertaken, the rule as found in Weldon v. Village of South Orange, 103 N.J.L. 235, 237 (Sup. Ct. 1926), must be followed:
"* * * the `construction' of sidewalks is nowhere mentioned in article 20 (now R.S. 40:56-1 et seq.); on the contrary it is specially provided for in article 25 (now R.S. 40:65-1 et seq.); and a glance at the ordinance under review shows that that ordinance is aimed at the construction of sidewalks and nothing else. * * * The case before us being predicated on construction alone, falls plainly under article 25." (Parentheses supplied), and cf. R.S. 40:49-6, R.S. 40:65-1.
*345 The ordinance in the instant case, providing as it does in section 5 (supra) that the cost is all upon the abutting owners, must be tested under R.S. 40:65-1 et seq. Plaintiffs' contention that this ordinance, if it lays the total cost upon them, must be set aside, is indeed contrary to what appears to be the thoroughly established rule in this State. Vannoy v. Borough of Pennington, 9 N.J. Misc. 98 (Sup. Ct. 1931).
Where the Legislature has provided authority to be exercised by a municipality such as in R.S. 40:65-1 et seq., certainly the courts are loathe to disturb any exercise of that power by the municipality unless it be clearly proven that there was an abuse of this authority. The judgment of the governing body of the defendant may not be set aside unless there is an abuse of the authority imposed in the governing body, and I find here no such abuse.
As to the second contention of the plaintiffs, I am indeed troubled. The ordinance would seem to be inartistically drawn. In addition thereto, it fails to provide notice to the property owners that they have first opportunity to install the sidewalks at their own expense. R.S. 40:65-2 provides:
"Before making any such improvement or awarding any contract therefor the governing body shall cause notice of the proposed improvement to be given to the owner or owners of all real estate affected thereby. The notice shall contain a description of the property affected sufficient to identify it, a description of the improvement, and a statement that unless the owner or owners complete the same within thirty days after service thereof, the municipality will make the improvement at the expense of the owners."
It appears to be a factor which contributed to the confusion of the ordinance first introduced on July 1, 1949, and the ordinance introduced July 11, 1949, and finally adopted on August 1, 1949, that the ordinance of July 1st was introduced as a local improvement ordinance, which provided under the former section 5, as follows: "the said ordinance shall be undertaken as local improvements and the cost thereof shall be assessed upon the lands and real estate benefited thereby to the extent of the benefits received, the balance, if any, to be paid for by the Borough at large." Notice was published *346 that this ordinance would be considered on July 11, 1949. On July 11, 1949, this ordinance was abandoned; the ordinance now under review was then introduced. This ordinance was substantially the same ordinance as introduced on July 1, 1949, with the exception of some additional sidewalks to be laid on Weston Avenue and the change of section 5 to read, "5. The cost of the construction of said sidewalks shall be borne by the owner or owners of the real estate in front of which the sidewalks are laid."
It must therefore be admitted that the second ordinance, the one which is now under review, is an attempt to change the improvement from a local improvement, the costs of which were to be assessed according to benefits, to an improvement, the entire cost of which was to be assessed against the abutting owners.
A reading of the present ordinance provokes the comment that its tenor remains that of a local improvement while section 5 entirely contradicts and provides for the entire cost to be borne by the plaintiff property owners.
The property owners must receive notice in accordance with the statute. Further, they have the right to lay their own sidewalk subject, of course, to reasonable specifications, before the municipality may do this work and charge the entire cost to the property owners.
A reading of the ordinance would indeed leave the property owners in confusion.
A learned man some short time ago said, that the main service of an opinion was to inform the unsuccessful litigant why he lost his case.
The ordinance under review must be set aside, not because sidewalks may not be required of the abutting owners, either to be laid by themselves or by the municipality at the expense of the property owners, but because the defendant has not complied with the statute and given the property owner first an opportunity to lay his own sidewalk.
Counsel for the plaintiffs' agreement that the manner of passage of the said ordinance was not in dispute does not go *347 to the extent that he waives compliance with the statute as to required notice and the like. It may be that this Court should have cautiously decided the second ground for reversal and remained silent as to the first argument, but it seems that in a matter of this kind, bearing in mind the necessity of providing sidewalks for the protection of the children attending the school in question, it may not be amiss to decide the whole problem.
There will be judgment for the plaintiffs and against the defendant to the end that the ordinance under review is set aside.
A form of judgment may be submitted, no costs to be allowed.