22 N.J. Super. 267 (1952)
91 A.2d 895
FRANK SEVERA, PLAINTIFF,
v.
IRENE SEVERA, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided October 27, 1952.
*268 Mr. Frank Severa, plaintiff pro se.
HANEMAN, J.S.C.
Plaintiff herein, an inmate of the New Jersey State Prison, at Trenton, seeks an injunction against the defendant preventing her from collecting the rents, issues and profits of real estate situate in Delair, Camden County, New Jersey, and an accounting from said defendant for rents, issues and profits heretofore collected by her.
Title to the realty is allegedly held by the plaintiff and the defendant as tenants by the entirety. The relief is demanded by the plaintiff in forma pauperis pursuant to R.S. 2:26-2.
The above cited section of the Revised Statutes not having been enacted by chapter 344 of the Laws of 1951, was, by virtue of paragraphs 4 and 5 of said chapter 344 of the Laws of 1951, repealed. In any event, it is patent from a reading of the cases involving similar applications that not only is the granting of the relief demanded a discretionary right but also that the petitioner must be an object of charity. See Sears v. Tindall, 15 N.J.L. 399 (Sup. Ct. 1836); Hassell v. Van Houten, 39 N.J. Eq. 105 (Ch. 1884); Osiel v. Osiel, 63 A. 549 (Ch. 1906); and McClure v. McClure, 99 N.J. Eq. 470 (Ch. 1926).
It follows, therefore, that the allegations of the plaintiff, if true, that he has an interest in real estate as a tenant by the entirety and is entitled to rents heretofore collected by the defendant, disqualify him from proceeding in forma pauperis.
Plaintiff's petition is, therefore, denied.