55 N.J. Super. 369 (1959)
151 A.2d 53
WILLIAM BREUER AND JOSEPH D. PASQUALE, SR., PLAINTIFFS-RESPONDENTS,
v.
BOROUGH OF MONTVALE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 16, 1959.
Decided May 6, 1959.
*371 Before Judges GOLDMANN, FREUND and HANEMAN.
Mr. Harry Randall, Jr., argued the cause for appellant (Messrs. Randall & Randall, attorneys).
Mr. Bruce H. Losche argued the cause for respondents (Messrs. Losche & Losche, attorneys).
The opinion of the court was delivered by HANEMAN, J.A.D.
Defendant appeals from that portion of a summary judgment for plaintiffs by which the Law Division declared void a borough ordinance authorizing the construction of sidewalks as a general improvement, i.e., one, the cost of which would be payable entirely from municipal tax revenues.
Three points are urged for reversal of the judgment under appeal: the municipality has the power to construct sidewalks as general improvements under R.S. 40:56-1 or R.S. 40:48-2; the ordinance, being one within the essential power of the municipality, was not void but voidable only, and *372 therefore a subsequent amendment of R.S. 40:65-1, which would permit sidewalks to be constructed as a general improvement, cured any defect in the ordinance; plaintiffs' right of action is barred for their failure to observe the time limitations set forth in R.S. 40:49-27.
The pertinent provision of the ordinance reads as follows:
"That there is hereby authorized, pursuant to the applicable statutes, as a general improvement, the construction of concrete curbs and sidewalks along the north side of Grand Avenue from Hillcrest Avenue to a point approximately 1900 feet easterly therefrom, together with the necessary grading and other incidental work, all in accordance with plans and specifications prepared by Hobelman, Argenti & Kuhn, Borough Engineers, dated April 1958, and heretofore approved by this Council and filed in the office of the Borough Clerk."
Defendant concedes that it undertook the construction of the proposed sidewalks as a general improvement under R.S. 40:56-1, as amended by L. 1951, c. 175, p. 656, § 1; that the work to be done was new construction and not the maintenance or repair of existing improvements; that the borough council was motivated to enact the ordinance by a desire to protect those elementary school children who theretofore had been forced to walk to and from school on a heavily trafficked roadway; and that the roadway adjoining the sidewalks is under the control of the County of Bergen.
R.S. 40:56-1, as amended, makes provision for various improvements which may be undertaken as local improvements, ("the cost of which, or a portion thereof, may be assessed upon the lands in the vicinity thereof benefited thereby") or as general improvements ("to be paid for by general taxation"). No mention is made in that statute of sidewalk construction. See Weldon v. Village of South Orange, 103 N.J.L. 235, 237 (Sup. Ct. 1927).
A sidewalk has long been regarded as a part of the premises to which it is attached, and hence the construction of a sidewalk has been regarded as a proper burden of the land to which it is appended. State (Agens, Prosecutor) v. *373 Mayor, etc., of Newark, 37 N.J.L. 415, 423 (E. & A. 1874); Weldon v. Village of South Orange, supra.
At the time when the ordinance before us was adopted there existed only two specific methods through which a municipality could provide for the cost of sidewalk improvements, R.S. 40:65-1 to -13, as amended. The methods were these: (1) by according the abutting owner an opportunity to make such improvement at his own expense, and upon his failure so to do, the municipality could proceed therewith and impose the full cost thereof upon the abutting owner, R.S. 40:65-1 to -9; or (2) the municipality could undertake the improvement where the street, parkway or highway concerned was under the control of any county board or commission, after obtaining approval of the plans and specifications by such county board or commission, the cost to be absorbed by a local assessment (assessment for benefits). Neither of these methods was pursued by defendant.
Prior to the adoption of the Revised Statutes in 1937 there existed a third method of payment for sidewalk improvements, i.e., by assessing the benefits to the abutting owner, L. 1919, c. 99, p. 246. The difference between the actual cost of the improvement and the total of the assessment for the benefits could, by virtue of that statute, be borne by the municipality. The section of that statute which would permit such an undertaking was not re-enacted in the revision and was repealed. Cf. Severa v. Severa, 22 N.J. Super. 267 (Ch. Div. 1952). The enactment of the revised statutes constituted not only a revision but an independent enactment, as well, superseding all pre-existing general law. L. 1937, c. 188, p. 832; Duke Power Co. v. Somerset County Board of Taxation, 125 N.J.L. 431, 433 (E. & A. 1940); State v. Czarnicki, 124 N.J.L. 43 (Sup. Ct. 1940).
Defendant concedes that it does not rely upon an express provision of R.S. 40:56-1, as amended. It seeks to justify its action in undertaking the improvement by reading into *374 that statute a provision not specifically appearing therein. It does this by analogy to Mayor and Council of City of Hoboken v. Babbitt, 2 N.J. Misc. 505 (Sup. Ct. 1924), affirmed 101 N.J.L. 403 (E. & A. 1924), which, it urges, is authority for the general proposition that a municipality may construct sidewalks as either a general or local improvement. The Babbitt case is not authority for such a conclusion. Involved there was the question whether sidewalks could be constructed as a local improvement under L. 1919, c. 99, p. 246. The court properly held, under the statute then extant, that such a method was proper. As above noted, L. 1919, c. 99, p. 246 was non-existent at the time of the ordinance sub judice.
Nor is Whelan v. Borough of Chatham, 9 N.J. Super. 341 (Law Div. 1950), relied upon by plaintiff, authority for a contrary conclusion. In Whelan the court was confronted with an ordinance which provided "that the cost of the construction of said sidewalks shall be borne by the owner or owners of the real estate in front of which the sidewalks are laid." The sole question involved was the legality of this provision. Re-stated, the issue was whether a municipality could charge the entire cost of a sidewalk improvement against the owner of abutting lands without first according him the opportunity of making such an improvement at his own expense. It is seen that the ordinance made neither a provision for a general improvement, i.e., one "to be paid for by general taxation" nor for a local improvement, i.e., one "the cost of which, or a portion thereof, may be assessed upon the lands in the vicinity thereof benefited thereby." R.S. 40:56-1. The court there said: (9 N.J. Super. at page 343)
"Plaintiffs' contention that their properties are not exceptionally benefited might be appropriate if the ordinance under consideration were one to make a local improvement under R.S. 40:56-1 et seq., which provides for assessments of costs in proportion with benefits. The ordinance here is not for such a local improvement but is rather for a construction project based upon R.S. 40:65-1 et seq."
*375 The court held (9 N.J. Super. at page 346):
"The ordinance under review must be set aside, not because sidewalks may not be required of the abutting owners, either to be laid by themselves or by the municipality at the expense of the property owners, but because the defendant has not complied with the statute and given the property owner first an opportunity to lay his own sidewalk."
The balance of the opinion must be viewed against this factual backdrop. In Whelan there was no question of the propriety of making a sidewalk improvement as a local or general improvement and any comment by the court in that connection was obiter dicta.
Moreover, the recent amendment of R.S. 40:65-1 by L. 1958, c. 133, § 1, is a further indication of the legislative understanding that, until the passage of that statute, sidewalks were not among the improvements included in R.S. 40:56-1, as amended, and the recognition that, since 1937, sidewalks could not be constructed as a general improvement.
We are not called upon to decide whether sidewalks could be constructed as an adjunct to a primary work, cognizable under R.S. 40:56-1, as amended, since the facts presented do not raise that issue. Sidewalk construction was the main construction intended to be undertaken by the ordinance under review. The curbing of the street or sidewalk was an adjunct to the construction of the sidewalks and not the converse.
Thus, on the date on which the ordinance became effective the municipality lacked the power to undertake the proposed work as a general improvement. Such work could only be undertaken under R.S. 40:65-1 to -13, as amended. The subsequent grant of power to undertake this work as a general improvement, without more, will not serve to validate the void action. Edwards v. Mayor, etc., of Moonachie, 3 N.J. 17, 21 (1949). See Samuel v. Wildwood, 47 N.J. Super. 162 (Ch. Div. 1957). Legislation is presumed prospective in its operation unless a contrary intent is specifically found therein. Pennsylvania Greyhound Lines, *376 Inc. v. Rosenthal, 14 N.J. 372 (1954); Kopczynski v. County of Camden, 2 N.J. 419, 424 (1949).
Defendant's further argument that R.S. 40:48-2 affords the municipality a general power to perform this work and pay for it solely from its tax revenues is without merit. The power there granted is limited to enactments "not contrary to the laws of this state." What has been said above is dispositive of any contention for the applicability of R.S. 40:48-2 to the present situation.
Defendant's argument for the applicability of the time limit provisions of R.S. 40:49-27 is also without merit. That statute relates to the effective date of ordinances authorizing the incurring of an indebtedness, except one for current expenses provided for by and included in the municipal budget. The municipality cannot raise money merely to swell its coffers. There must be some proper object of the revenue raising measure. In this case the object was the construction of sidewalks as a general improvement, i.e., as a public improvement. This work was not proper and the authorization void. The proposed financing of the work falls with the proposed work. The two are interdependent. Properly viewed, this ordinance was one for a proposed public improvement. The challenge of its validity is governed by the time period set forth in the rules, R.R. 4:88-15, and was timely made.
Defendant has gone ahead with the construction work despite the pending litigation and has paid its contractor a portion of the contract monies. We are asked to give an advisory opinion concerning the method which should be employed in paying the remaining sum. This we shall not do. Walker, Inc. v. Stanhope, 23 N.J. 657, 660 (1957); Trustees of Rutgers College in New Jersey v. Richman, 41 N.J. Super. 259, 284 (Ch. Div. 1956); Hester v. Miller, 8 N.J. 81, 84 (1951).
The judgment under appeal is affirmed.