### FOREST v. PRICE.

In *scire facias* to revive a judgment, if the defendant does not appear within four entire days (exclusive of an intervening Sunday) after the return day, judgment may be taken for the default in not appearing, without a declaration being filed; but if the defendant appears within that time, the plaintiff is required to declare, and the cause proceeds as in other cases.

On *scire facias.*

*R. Wayne Parker* applied for judgment on *scire facias*, to revive a judgment in favor of the personal representatives of a deceased plaintiff, on the ground of the default of the defendant in not entering an appearance to the writ.

DEPUE, J. The plaintiff having died since judgment recovered, a *scire facias* was issued to revive the judgment in the name of his personal representatives. The *scire facias* was returned to the present term duly served. No appearance having been entered by the defendant, application was made for judgment.

The question of practice raised is, whether, for want of an appearance to the action, judgment can be taken at the term to which the *scire facias* is returnable, without declaration filed.

By the practice of the Court of King's Bench, if the writ was served by the sheriff, a rule was entered that the defendant appear. This rule was taken on the return day in actions by bill, or in actions by original on the *quarto die post*, and expired in four days, exclusive, an intervening Sunday not being reckoned. Before the expiration of this rule, the defendant either appeared or made default. In the latter case, the plaintiff was entitled to take judgment that execution be awarded. 2 *Tidd* 1163; 2 *Arch. Prac.* 98; *Com. Dig. Pleader*, 3 L. 8; 2 *Saund.* 72 x. The default, in case the defendant did not appear, being in not appearing to the writ,

judgment was awarded upon the writ without any pleadings. The form of the entry of a judgment for a default in not appearing, is given in *Archbold's Forms*, 258, 440. But, if the defendant appeared, the plaintiff was required to declare, and the cause proceeded as in other cases. 2 *Tidd* 1164; 2 *Saund.* 72 *y.* A form of a declaration is given in *Archbold's Forms* 443, and of the rule for judgment for want of a plea after appearance. *Ib.* 445.

The practice in this court has been in conformity with the practice of the King's Bench. In *Green* v. *Andrews, February Term*, 1863, on a *scire facias* to revive a judgment in the name of the personal representatives of a deceased plaintiff, judgment was taken at the term to which the writ was returnable, without declaration filed. The rule for judgment recites that, it appearing by the return of the sheriff that the writ was duly served, and the defendant having failed to appear and show cause according to the command of the writ, and therein having made default; it is ordered, &c. In that case, the writ was returnable on the 14th of March, and judgment was signed on the 25th. In the more recent case of *Duncan* v. *Duncan, December Term*, 1873, judgment was signed by default on the return day of the writ. In neither case was a rule to appear entered.

The rule to appear, like the four days' rule on judgments *nisi*, not being served, might well be disused. But we think the correct practice to be, to wait the four days after the return of the writ, and if the defendant does not appear during the four days, to enter judgment at the expiration thereof for the default in not appearing.

Order accordingly.

Justices BEDLE and DALRIMPLE concurred.