## Coleman & Stahl, Appellants, *v.* Weimer.

*Judgments—Payments—Lapse of twenty years—Presumption of payment.*

In an action of scire facias sur judgment to collect an unpaid judgment of over twenty years' standing, the case is for the jury where all the parties to the action are alive, the facts are within their own knowledge, they are competent to testify and appear as witnesses and the issue is one of fact involving their credibility.

Under such circumstances, the burden is on the plaintiff to show that the judgment, which was more than twenty years old, had not been paid. Such presumption is overcome, however, where there is affirmative proof that the debt has not been paid or where there are circumstances that adequately account for the delay; but the evidence must be so convincing as to warrant the conclusion that the debt was not paid.

Argued April 16, 1924. Appeal, No. 150, April T., 1924, by plaintiffs, from judgment of C. P. Somerset Co., Sept. T., 1923, No. 360, on verdict for defendant in the case of Coleman & Stahl v. Frank M. Weimer. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Scire facias sur judgment. Before BERKEY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant and judgment thereon. Plaintiff appealed.

252, (1924).] Assignment of Error—Opinion of the Court.

*Errors assigned* were various rulings on evidence, the charge of the court, answers to points and refusal of plaintiffs' motion for judgment non obstante veredicto.

*Ernest O. Kooser,* and with him *Francis J. Kooser,* for appellants.

*Charles H. Ealy,* and *Charles F. Uhl,* of *Ealy & Uhl,* for appellee.

OPINION BY HENDERSON, J., July 2, 1924:

The plaintiffs obtained a judgment against the defendant on the 29th day of January, 1903, in the Court of Common Pleas of Somerset County for the sum of $248 with costs and interest; the judgment having been confessed by the defendant's attorneys when the case was called for trial. On August 8, 1923, a writ of scire facias was issued on that judgment. At the trial, for the purpose of overcoming the presumption of payment from lapse of time, each of the plaintiffs testified that the judgment never had been paid and that he had no knowledge, until recently, of any property out of which satisfaction could have been had by an execution. It further appeared that the claim on which the judgment was taken was a partnership account. The reply of the defendant to this evidence was that for a considerable part of the period between the entry of the judgment and the issuing of the scire facias he had personal property and an interest in land in the county out of which the debt might have been collected. He was also permitted to show that on May 23, 1903, one of his attorneys, Coffroth, was indebted to him on a note amounting to $200 for which his other attorney, Ruppel, was security, and that on the day stated he made an arrangement with Ruppel by which the money due the defendant from Coffroth was to be applied in satisfaction of the plaintiffs' judgment. The testimony of the defendant is not clear as to whether he placed the money received on the Cof-

froth note in Ruppel's hand to be paid to the plaintiffs, or whether he gave the note to Ruppel to be collected and the proceeds so applied. Nor is it clear from his statement whether the amount to be paid by Ruppel was to be paid to Coleman, one of the plaintiffs, on the latter's personal account, or whether it was to be paid on the firm debt. The evidence was admitted apparently on the assumption that it was to be applied on the judgment. There was no evidence however that the money, if received by Ruppel, ever was paid to either of the plaintiffs; nor did it appear that the amount of the note was sufficient to satisfy the judgment which on its face was considerably larger than the amount of the Coffroth note. Objection was made to the introduction of this evidence, but the court submitted it to the jury as a circumstance to be considered in connection with all the other facts testified to in the case. This ruling is the subject of the principal assignment of error. It is unquestioned that the burden of proof was on the plaintiffs to show that their judgment, then more than twenty years old, had not been paid. This presumption is overcome, however, where there is affirmative proof that the debt has not been paid or where there are circumstances that adequately account for the delay but the evidence must be so convincing as to warrant the conclusion that the debt was not in fact paid. In this case the parties to the action were all alive; the facts were within their own knowledge; they were competent to testify and appeared as witnesses. The question turned then on the credibility of the witnesses in the light of the evidence relating to the apparent financial ability of the defendant. As the evidence of the defendant relating to the proceeds of the Coffroth note did not show that any money derived therefrom was paid to either of the plaintiffs and did not connect them in any way with the alleged arrangement made with Ruppel, we regard it as inadmissible for the purpose of rebutting the plaintiffs' testimony that the judgment was not paid. It is quite uncertain

from the defendant's testimony whether more was done by him than to arrange with Ruppel that he should collect the note from Coffroth and apply the amount thereof on the judgment, and if that were the case the whole plan so far as the payment of the judgment was considered was prospective only.   In any event it was not made to appear that the amount involved was sufficient to satisfy the judgment with costs and interest.   As the case depends on the credibility of the witnesses it must go back therefore for retrial.   We are asked by the appellants to enter judgment n. o. v., but are not persuaded that this can be done on the record as presented.   The allegation of the defendant that the debt was paid at the time stated does not preclude him from standing on the presumption of payment arising after the 23d of May, 1903, when, as he claims, the debt was paid.

The first, second, and fourth assignments are sustained.   The judgment is reversed with a new venire.