## Harry Rosenthal, Appellant, *v.* Daniel J. Crimlisk, Jr.

*Judgments—Sci. fa. to revive—Defense of payment—Admission by defendant.*

On a sci. fa. to revive a judgment entered on a note, the affidavit of defense alleged payment, and at the trial the defendant testified that the note was given as security for goods entrusted to him by the plaintiff, which had since been returned. The plaintiff admitted that the note had been given as security.

*Held,* that the case was for the jury on the issue of payment, and that the principle that a judgment could not be collaterally attacked did not apply.

Argued October 23, 1924. Appeal, No. 72, Oct. T., 1924, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1915, No. 2015, on verdict for defendant in the case of Harry Rosenthal v. Daniel J. Crimlisk, Jr. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Sci. fa. to revive judgment. Before HENRY, P. J., 52d Judicial District, specially presiding.

426, (1925).]     Opinion of the Court.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned* were various rulings on evidence and the charge of the court.

· *G. Levering Arnhold,* for appellant.

*J. Washington Logue,* for appellee.

OPINION BY TREXLER, J., February 27, 1925:

This was a scire facias to revive a judgment. The affidavit of defense alleged payment and when the trial was begun, the plaintiff went on the stand and upon cross-examination he was asked, "For what purpose was this note given?" and answered, without objection on the part of plaintiff's counsel. "As security for goods that Mr. Crimlisk sold outside the store." Further on the plaintiff in response to a question by his own counsel stated that the judgment note was given "as security for goods he had out, that he sold personally different goods"; and he then went on to explain what the arrangement was. The defendant then testified that the note was given for a two carat diamond ring and a three-leaf shamrock stick pin and that these articles were returned to the plaintiff and thereby there was a full settlement of the note. This was the theory upon which the case was tried. The learned trial judge in a full charge submitted this contention to the jury who found in favor of the defendant. We are now presented with the argument in which a number of cases are cited showing that upon a scire facias upon a judgment the judgment cannot be collaterally attacked and that the consideration cannot be inquired into. That matter is not before us. The plaintiff admitted that the note was given as security. The plea of the defendant was payment. The case was tried upon

that issue, the plaintiff claiming that the goods that were sold by the defendant outside the store and for which he was responsible and which had not been paid, amounted to more than the amount of the note and the defendant, as stated before, claimed to have paid the note by the return of the jewelry. As the jury believed the defendant and found a verdict in his favor, that verdict must be allowed to stand.

The assignments of error are overruled and the judgment is affirmed.