## Coleman & Stahl, Appellants, v. Weimer.

*Judgments—Payments—Lapse of twenty years—Presumption of payment—Evidence—Admissibility.*

In an action of scire facias sur judgment to collect an unpaid judgment of twenty years standing, it is not error to refuse to permit a witness to testify after the plaintiffs had closed their case and a motion for a non suit had been made, when the witness had previously testified to the same effect.

In such action it is proper to admit in evidence an unrecorded deed to the defendant, for the purpose of proving that he had been the owner of property, and as such was financially responsible, when the plaintiffs had undertaken to account for the delay by showing that the defendant had no property.

When a judgment remains unclaimed and in repose for a period of twenty years, the law raises a presumption of fact in favor of the debtor, which presumption of fact by the law is equivalent to direct proof of payment and will prevail, until overcome by direct proof of nonpayment or proof of facts and circumstances from which nonpayment may be clearly inferred. Such presumption must be overcome by clear and satisfactory proof.

Argued April 16, 1925. Appeal No. 171, April T., 1925, by plaintiffs, from judgment of C. P. Somerset County, September T., 1923, No. 360, in the case of Coleman & Stahl v. Frank M. Weimer. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Scire Facias sur judgment. Before BERKEY, P. J.

The facts are stated in the opinion of the Superior Court, and in the report of the former appeal at 83 Pa. Superior Court, 252.

Verdict in favor of defendant, and judgment thereon.  Plaintiff appealed.

*Errors assigned,* were various rulings on evidence, answers to points, and refusal to grant a new trial.

*Frank R. Coder,* and with him *Francis J. Kooser,* and *Earnest O. Kooser,* for appellants.

*Chas. H. Ealy,* of *Uhl & Ealy,* for appellee.

OPINION BY GAWTHROP, J., July 9, 1925:

This is a scire facias upon a judgment over twenty years old.  The facts need not be repeated now because they were stated fully when the case was here before at April Term, 1924: 83 Pa. Superior Ct. 252.  At that time we reversed and awarded a new trial for the sole reason that the trial judge admitted certain incompetent evidence offered by defendant for the purpose of rebutting plaintiffs' testimony that the judgment was not paid.  Defendant again has a verdict and plaintiffs have appealed.

The first assignment of error complains of the refusal of the trial judge to permit one of the plaintiffs to testify that he believed that the property on which defendant resided since the date of the judgment belonged to defendant's wife.  This offer was made after plaintiffs had closed their case and a motion for a nonsuit had been made and permission had been given plaintiffs to offer additional testimony.  The witness had previously testified in substance to the same effect as the offer.  Plaintiff had shown that title to the farm on which defendant lived was in defendant's wife prior to the date of the judgment and that it was held in trust by him after the death of his wife and that for that reason they felt that it was useless for them to attempt to collect the judgment from the farm.  It was not error to sustain the objection to the offer.

The second assignment is made the basis of an argument that it was error to permit defendant to place in evidence a deed to himself dated April 1, 1907, for six hundred and forty-three acres of coal land, which deed was not recorded until April 25, 1924, and after the scire facias was issued and the judgment was more than twenty years old. Plaintiffs had testified that the judgment had not been paid to them, and had undertaken to account for their delay in attempting to collect it by showing that defendant had no property. Even though the deed to the coal land was not recorded, surely it was competent for defendant to prove that for nearly twenty years he had been the owner of a large tract of land in the adjoining township, from which the judgment could have been collected. His ownership thereof was relevant and material as bearing upon the question whether the defendant had in fact been paid.

By the third assignment complaint is made of the refusal of the trial judge to permit plaintiffs to prove in rebuttal, by an employee of a bank in which defendant had a deposit that in 1903 defendant transferred his account to the name of Frank M. Weimer, Executor, for the purpose of proving that, subsequent to this transfer, defendant had no money that could be reached by creditors, and for the further purpose of rebutting his testimony in chief. The assignment is without merit because the offer was not in contradiction of any evidence of defendant.

The complaint which is the subject of the fifth and sixth assignments of error is that the learned trial judge refused to affirm plaintiffs' second and third points for charge, which requested an instruction that the presumption of payment which arises at the end of twenty years may be overcome by "proof of non-payment," and that if the jury believe the testimony of plaintiffs and their witnesses that the debt had not been paid, the verdict should be for plaintiffs. The

points were refused "as stated." The court had already instructed the jury that when a judgment remains unclaimed and in repose for a period of twenty years, the law raises a presumption of fact in favor of the debtor, which presumption of fact by the law is equivalent to direct proof of payment and will prevail until overcome by direct proof of nonpayment or proof of facts and circumstances from which nonpayment may be clearly inferred, and that the presumption must be overcome by clear and satisfactory proof. This instruction was substantially repeated in answer to the second and third points. Plaintiffs were not entitled to an affirmance of either point without qualification. The presumption of payment after twenty years is a strong one and the evidence to rebut it must be satisfactory and convincing: Wilson v. Eckman, 55 Pa. Superior Ct. 403, 405; Miller v. Overseers of the Poor, 17 Pa. Superior Ct. 159, 164; Sheafer v. Woodside, 257 Pa. 276, 281; Fidelity T. & Tr. Co. v. Chapman, 226 Pa. 312, 314. Bank of Titusville v. Thompson, 44 Pa. Superior Ct. 200, relied upon by appellants, is not in conflict with the above decisions, for there the instruction was that the burden was on the defendant to satisfy the jury by clear and convincing testimony that the debt had not been paid. We have been referred to no authority by our Supreme Court, and our own investigation has discovered none, which permits the presumption of payment which arises after twenty years to be rebutted by evidence which is less than satisfactory and convincing.

By their seventh assignment appellants urge that after the general charge and the disposal of plaintiffs' points, the court failed to comply with their request to correct certain statements made by counsel for defendant in his address to the jury upon the law of the case. The learned trial judge answered the request by

referring the jury to his general charge as to the law which should be their guide. There is no merit in the assignment.

The eighth assignment challenges the refusal of the court below to send out with the jury certain records from the prothonotary's office, the recorder's office and the office of the register of wills and the writ of fi. fa. in the case of Coleman & Stahl v. Frank M. Weimer. Our examination of the record has convinced us that the court's action did not prejudice plaintiffs' case.

All of the assignments of error are overruled and the judgment is affirmed.