DUKE POWER COMPANY, A NEW JERSEY CORPORATION, PROSECUTOR-APPELLANT, v. THE SOMERSET COUNTY BOARD OF TAXATION AND HILLSBOROUGH TOWN-SHIP, A MUNICIPAL CORPORATION, DEFENDANTS-RESPONDENTS.

Argued May 27, 1940—Decided October 10, 1940.

For the appellant, *Pitney, Hardin & Skinner* (*Shelton Pitney* and *William J. Brennan, Jr.,* of counsel).

For the respondent Hillsborough township, *W. Eddy Healh* (*Charles F. Lynch* and *Frederick C. Vonhof,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. The judgment under review is affirmed, for the reasons expressed in the opinion of Chief Justice Brogan for the Supreme Court.

Prosecutor assails the propriety of the inclusion of *R. S.* 54:3-20 in the "Revised Statutes" of 1937. That assault has far-reaching significance. It strikes at the very vitals of the entire revision and consolidation. The effect of the laws embraced in the revision and consolidation should be free from debate. In pursuance of that conviction, we have considered and determined the merits of the three-fold argument made in support of the stated assault although some phases of the argument were neither raised nor argued below.

1. It is argued here, as it was below, that since *R. S.* 54:3-20 has for its source *Pamph. L.* 1903, *ch.* 208, *p.* 412, § 28, which act it is claimed "never empowered County Boards to entertain omitted property complaints," and that since the act of 1903, *supra*, "in any event, has been repealed" by *Pamph. L.* 1918, *ch.* 236, §§ 507 and 801, therefore, *R. S.* 54:3-20 was improperly included in the Revised Statutes. The basis for this argument is that the act providing for the revision and consolidation of the public statutes of this state merely empowered the commissioners "to revise, simplify, arrange and consolidate all the public acts of this state, which are general and permanent in nature *and which shall be in force at the time such commissioners shall make their report."* *Pamph. L.* 1925, *ch.* 73, *p.* 244, § 1.

The opinion of the Chief Justice very carefully analyzes the pertinent provisions of the act of 1903 and 1918, *supra.* See *Duke Power Co.* v. *Somerset County Board of Taxation,* 124 *N. J. L.* 485, 486. That analysis clearly points out that there is no inconsistency between the pertinent provisions of the two acts. The Supreme Court, therefore, concluded that the act of 1918, *supra,* did not, as it was contended, repeal the act of 1903, *supra,* now *R. S.* 54:3-20.

Be that as it may, we are firmly of the opinion that *R. S.* 54:3-20 did properly come into force and effect as part of the revised statute law of this state.

The legislature recognized the need to eliminate the existence of "contradictions, omissions and imperfections" in the existing statute law of our state. Thus it empowered the revision commissioners "to suggest" to it "such contradictions, omissions and imperfections," and also to suggest to

it "the mode in which they shall have *reconciled, supplied* and *amended* the same," and also to recommend the passage of "new acts or parts of acts" necessary or expedient to accomplish the desired result. Section 3, *Pamph. L.* 1925, *supra.* The commissioners embraced their suggestions and recommendations in their final report to the legislature. That report was in the "mode" or form of a printed copy of the acts so revised and consolidated, as required by the statute, *Pamph. L.* 1925, *supra.* It was then clearly the function of the legislature to determine whether or not to adopt the commissioners' suggested and recommended revision and consolidation. The legislature exercised that function on December 20th, 1937; it adopted, without change, the commissioners' final report. The revision, in "mode" or form submitted and adopted, became the "public statute law of the State of New Jersey, of a general nature." *Pamph. L.* 1937, *ch.* 188, *p.* 832.

We are, therefore, fully in accord with the view heretofore expressed by the Supreme Court that "the revision is a wholly independent enactment, superseding all existing general laws." *Cf. State* v. *Czarnicki,* 124 *N. J. L.* 43, 45; 10 *Atl. Rep.* (*2d*) 461; *Devlin* v. *Cooper,* 124 *N. J. L.* 155, 158; 11 *Atl. Rep.* (*2d*) 29. Thus, just as it has been properly held that a theretofore existing public statute law of this state, of a general nature, not included in the Revised Statutes is no longer a part of the public statute law of this state (*Brower* v. *Township of Franklin,* 119 *N. J. L.* 417; 197 *Atl. Rep.* 367), so we also hold that the inclusion of a public statute law, of a general nature, not theretofore in existence, within the Revised Statutes, adopted in pursuance of *Pamph. L.* 1937, *supra,* is in full force and effect as a part of the "public statute" law of this state. A contrary holding would not only destroy the symmetry, the certainty, and the all-inclusiveness which the legislature clearly intended to give to the revision and consolidation, but what is even more serious, it would lead to uncertainty and boundless confusion.

2. It is next argued that a construction such as we have given to *R. S.* 54:3-20 would in turn result in construing the act of 1937, *supra,* so as to make it trench upon that pro-

vision of article IV, section VII, placitum 4 of our State Constitution which provides that "every law shall embrace but one object, and that shall be expressed in the title." Although this point was not raised below, we think the removal of any doubt as to a public statute involving the all important problem of taxation accords with sound public policy. *Cf. State* v. *Guida,* 119 *N. J. L.* 464; 196 *Atl. Rep.* 711. We, therefore, have considered it. For the reasons already stated under point one and for the reasons stated in *State* v. *Czarnicki, supra* (at *p.* 45), we hold the point to be without merit.

3. The third point argued, in light of the holding in the court below, is that even if *R. S.* 54:3-20 is an effective part of our statutory law, the proceedings against prosecutor's property, omitted from the assessment rolls, were prematurely instituted on August 16th, 1939. Prosecutor contends that the proceedings should not have been instituted before December 1st, 1939, when the taxes on the omitted property for the tax year of 1939 first became a lien.

That contention is based on the last sentence of *R. S.* 54:3-20 which provides: "Such proceedings may be brought within one year from the date when taxes upon real property become a lien."

This point is concededly directed to the question of jurisdiction and since both parties have argued it, we, too, have considered it. We find the point to be without merit. If prosecutor's contention were sound, the taxing authority would be precluded from instituting the statutory proceedings to include the omitted property until after about fourteen months had intervened, *i. e.,* from October 1st, 1938, to December 1st, 1939. We discern no such legislative inhibition in the statute. We need hardly labor the point, under the proofs of the case at bar, as to what, during the fourteen months' interval, might happen to the property sought to be included or to the owners thereof, or both, if prosecutor's contention were adopted. On the contrary, we discern a clear legislative intent merely to fix a time limit (a statute of limitation) after which proceedings may not be brought to assess omitted property.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, BODINE, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 11.

*For reversal*—None.