## Brady et al. *v.* Tarr, Appellant.

Argued April 17, 1941.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Rhodes, Hirt and Kenworthey, JJ.

*F. C. Kiebort,* of *Thomas & Kiebort,* for appellant.

*Robert M. Dale,* for appellee.

OPINION BY STADTFELD, J., July 2, 1941:

This is a scire facias proceeding instituted by Edward P. Brady, use plaintiff, to revive and continue the lien of a judgment entered against Peter B. Tarr in the Court of Common Pleas of Crawford County at No. 18 May Term, 1909.

The pleadings consist of the writ of scire facias, plaintiff's statement of claim, and defendant's affidavit of defense. The case was tried before KENT, P. J., and a jury and resulted in a verdict for the plaintiff on January 12, 1940. On January 16, 1940, a motion for judgment non obstante veredicto upon the whole record was filed by the defendant.

Prior to 1909, Charles F. Brady and Edward P. Brady, trading as Brady Brothers, were engaged in business in Titusville, Pa. In February, 1909, they instituted an action in assumpsit against Peter B. Tarr and on May 25, 1909, obtained a judgment in said action. In August 1915, the partnership was dissolved and Edward P. Brady assigned his right, title and interest in said judgment to Charles F. Brady. On November 17, 1916, scire facias to revive the judgment was issued and served upon the defendant. No affidavit of defense was filed. No further steps were taken in connection with that writ. In December 1938, the heirs and personal representatives of Charles F. Brady assigned the said judgment to Edward P. Brady. On

318

January 11, 1939, another writ of scire facias to revive the judgment at No. 18 May Term, 1909, was issued by the use plaintiff. To this writ, defendant filed an affidavit of defense in which he denied that he is indebted to said plaintiff, Edward P. Brady or to Charles F. Brady, his heirs or administrators, in any sum whatsoever as also that said judgment is, at this time, a legal obligation against the defendant.

On July 19, 1940, the trial court by KENT, J., filed its opinion and order dismissing defendant's motion for judgment n. o. v. and discharging the rule to show cause granted thereon. On August 3, 1940, judgment was entered against the defendant and in favor of the plaintiff and liquidated at $1515.87. From the judgment so entered, this appeal was taken.

At the trial of the case, plaintiff offered in evidence, the record of the judgment upon which the sci. fa. was issued. He further testified to a conversation with defendant at the latter's office in the City of Titusville, on the 14th day of November, 1938, as follows: "A. I walked into Peter Tarr's office a quarter to four the fourteenth day of November, 1938. Mr. August of the Titusville Hospital was there and Pete was talking to Mr. August when I went in. I said 'There's no hurry, you wait on Mr. August and when Mr. August goes out, I'll tell you what I want.' He said 'You go ahead of Mr. August' and I said 'Now, don't get hasty.' I sat down in a chair, and Mr. August and him talked, and when that was over, he came over and asked me what I wanted and I said I had a transcript of a judgment for $528.18 and I handed him the slip and told him, I said, 'Pete, let's you and I come to some conclusion about this soon —might as well get it settled up.' Pete said 'I can't pay no judgment, I got a sick wife up at the hospital, and every cent I get I pay up at the hospital, if I get a quarter—and he said 'I only take in a quarter now and then—every cent of money I get I got to pay hospital

bills.' I said 'You got $3500 from Goldie the other day, I know that.' That started it and he went at me and he opened the door and said 'Get out of here.' I said 'Pete, don't get hasty. I come here for business, business that ought to be transacted.' He said 'You get out.' He stood fifteen, twenty feet from me and said 'You get out of here and don't come in any more' and I was going out, he said 'That judgment's no good—that judgment's outlawed', and I said 'You just think it's outlawed; I'm going to put a lien against everything you got and the $3500 that Mr.—what's that attorney's name there'—Q. Did you have any conversation with him any time after that? A. No, sir, never after that. Q. Did you ever have any before that? A. No, I didn't. Q. Will you state whether or not this judgment was ever paid to you while you held it jointly with your brother? A. No, sir. Q. Has it ever been paid to you since you have been the owner of it? A. No, sir. Q. Since the assignment from the heirs of Charles F. Brady? A. No, sir."

Arthur Brady, who was administrator of the estate of Charles F. Brady, deceased, testified that the said Charles F. Brady died about the 17th or 18th of June, 1930; that during the time he was administrator he never received payment for the judgment which Charles F. Brady held against the defendant.

Defendant, a witness on his own behalf, testified admitting that Edward F. Brady called at the former's office in 1938, but denied that he presented any statement of a judgment. He further denied having stated to Edward F. Brady that he couldn't pay this judgment, and that he was only making a small amount and that his wife was sick in the hospital, or told him that the judgment was outlawed. He admitted telling him, "Yes, I told him it was paid. I told him it was paid and I didn't owe Brady a cent. I think I called him an outlaw—'You outlaw get', and he did go." He claimed that he had paid it before the fourth of July, along in

June of 1921. He claimed to have taken a receipt at the time but had looked for it and could not find it. He further testified that he had been an alderman for thirty years and before that he was a member of the bar of New York State.

Defendant's wife was called as a witness and testified to the payment of some money by her husband to Charles Brady and the taking of a receipt therefor, but does not identify the payment as being made upon the judgment in question.

The case was submitted to the jury in a fair and comprehensive charge to which no exception was taken. A request for binding instructions for defendant was denied.

In view of the verdict in favor of the plaintiff, the evidence and all inferences reasonably deducible therefrom, must be taken most favorably for the plaintiff.

The assignment of error raises but one question—was the evidence sufficient to justify the submission of the case to the jury?

The judgment now sought to be revived, was obtained in court upon defendant's failure to file an affidavit of defense. No satisfaction has been entered of record. The judgment is more than twenty years old and the presumption of payment has arisen. This presumption does not bar the debt, as does the statute of limitations. It is merely a rule of evidence affecting the burden of proof. Within the twenty year period, the burden of proving payment is with the debtor after which period, the burden rests with the creditor: *Sheafer et al., v. Woodside et al.*, 257 Pa. 276, 101 A. 753; *Bank of Titusville v. Thompson*, 44 Pa. Superior Ct. 200.

Quoting from the opinion of Mr. Justice Stern in the recent case of *Grenet's Estate*, 332 Pa. 111, 113, 2 A. 2d 707: "The presumption of payment arising from lapse of time does not work an extinguishment of the debt, nor, unlike the bar of the statute of limitations,

does it require a new promise or its equivalent to revive it. It is a presumption merely of fact, and amounts to nothing more than a rule of evidence which reverses the ordinary burden of proof and makes it incumbent upon the creditor to prove, by preponderance of the evidence, that the debt was not actually paid. This burden may be met by direct testimony as to non-payment, or by proof of circumstances tending to negative the likelihood of the claim having been satisfied and explaining the delay of the creditor in attempting to enforce it,— for example, that there existed a relationship between the parties which would account for the failure of the creditor to insist upon collection, that the debtor's financial condition was such as would have prevented his paying the debt, that the bond, note or other instrument upon which the claim rested remained at all times in the creditor's possession, that the creditor had died and, no administrator being appointed, there was no one to whom payment legally could have been made. These and similar circumstances, while not, singly or collectively, conclusive, are admissible in evidence for the purpose of rebutting the presumption of payment. One of the most effective types of proof to that end is evidence that within the twenty year period prior to suit the debtor made an unqualified acknowledgment that the debt was still due and unpaid, especially if such admission was addressed to the creditor himself in reply to a demand for payment, and even though not accompanied by a promise to pay."

On November 14, 1938, the appellant and appellee conferred respecting the judgment involved herein. Appellant admits this conference. It is to be taken as true that at that conference the appellee suggested to appellant that he settle up the debt of the judgment and that appellant in reply said, "I can't pay no judgment, I got a sick wife up at the hospital, and every cent I get I pay up at the hospital, if I get a quarter"; and

further stated, "That judgment's no good—that judgment's outlawed."

The statement by the defendant—"That judgment's no good,—that judgment's outlawed", was an implied admission that the judgment was unpaid, but could not be collected by reason of the fact that the debt was barred under the law. The term "outlawed" when used with reference to a debt means barred by the statute of limitations: *Drew v. Drew,* 37 Me. 392; Bouvier's Law Dictionary (Third Revision, 1934).

In *Smith v. Shoenberger,* 176 Pa. 95, 34 A. 954, the only evidence to rebut the presumption was testimony by the plaintiff that within five years of the suit defendant had on two occasions asked plaintiff what he would take to settle the judgment, thus impliedly admitting that the debt was not paid. The trial court held the evidence sufficient to submit the question of payment to the jury. On appeal the Supreme Court, in a per curiam opinion, stated, at p. 97: "The several assignments of error in this case really raise but one question, and that is the sufficiency of the evidence to justify its submission to the jury. The plaintiff's judgment was more than twenty years old. The defendant relied on the presumption of payment growing out of the lapse of time. The plaintiff attempted to rebut this presumption by the declaration of the defendant tending to show that it was not paid. This evidence was pertinent. Its persuasive value was for the jury to determine. We see no error in its admission or in the manner of its submission, and the judgment is affirmed." To same effect, *Huffman et al., v. Simmons et al.,* 131 Pa. Superior Ct. 370, 200 A. 274.

The record discloses that on November 17, 1916, a sci. fa. was issued to revive the judgment, was duly served upon the appellant, and he made no defense thereto. The issuance of the writ was a circumstance to be considered with the other evidence in rebutting

the presumption: *McCullough v. Montgomery*, 7 S. & R. 17.

In *James v. Jarrett*, 17 Pa. 370, Mr. Chief Justice BLACK stated, at p. 372: "It is not necessary to discuss the cases. The rule deducible from all of them, whose authority is binding on us, is that where a party has a debt against another evidenced by a specialty or a record, and to which no statute of limitations applies, the burden of proving it unpaid is not thrown upon him who claims it, even in a suit brought more than twenty years after it has become payable, if within the twenty years a fair effort, though an unsuccessful one, has been made to recover it, by suing out legal process for that purpose. In *McCullough v. Montgomery*, 7 Ser. & R. 17, which was a suit brought more than twenty years after the date of the instrument on which it was founded, the record of an earlier suit *for the same debt,* but in a different form of action, was declared by Chief Justice TILGHMAN to be proper and powerful evidence to rebut the presumption of payment set up by the defendant."

The language of Mr. Justice LINN in *Pennsylvania Co. v. Youngman et al.,* 314 Pa. 277, 282, 171 A. 594, is most pertinent in the instant case: "Defendant did not plead to the writ, or move to dissolve for laches in prosecution, irregularity, or for any other reason. It, therefore, remained alive as a continuous assertion of the claim in the circumstances. Such a writ gives the defendant 'a day in court, in which he can have full power to make any defense that he could make in a scire facias.'"

It should be noted also that the defendant was not only a former attorney of the bar of the State of New York, but was also an alderman in Pennsylvania for thirty years immediately before the trial, and, therefore, presumably had knowledge respecting the satisfaction of judgments. With this knowledge, is it reasonable to

presume, if he had paid the debt, that he would have delayed since 1921 to ascertain if satisfaction had been entered? Likewise after the conversation in 1938 from which he knew that payment was demanded, he made no effort to compel entry of satisfaction and only filed an affidavit of defense on January 26, 1939, after the present writ was issued on January 11, 1939. At the trial, defendant sought to establish payment in June, 1921, yet offered no testimony explaining why he had delayed payment for a period of twelve years.

The testimony of defendant and his wife was vague, indefinite and uncertain that in June 1921, appellant paid or settled the debt. The jury rejected this testimony. The inference from the testimony is, however, that in June, 1921, being within eighteen years of the date of the scire facias herein, the debt was still due and unpaid. A presumption of payment never arises until twenty years have elapsed: *Morrison v. Collins,* 127 Pa. 28, 17 A. 753. Likewise, the presumption does not arise when there is evidence that the debt was owing within twenty years of the date of suit.

In *Reed v. Reed,* 46 Pa. 239, at p. 243, Mr. Justice STRONG stated: "The defendant in 1841 and 1851 (both within twenty years) admitted distinctly that the debt had not been paid. It would be absurd for the law to presume in the face of such admissions that it had been. All presumptions are in accordance with what is usual, not against it."

Under all the testimony, it was the duty of the trial judge to submit the case to the jury, and, in our opinion, the verdict is fully supported by the evidence, and the motion for judgment non obstante veredicto was properly overruled.

Judgment affirmed.