13 N.J. Super. 23 (1951)
80 A.2d 123
FRED C. EHNES, PLAINTIFF-APPELLANT,
v.
PHILIP J. WELDON AND ANOTHER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 26, 1951.
Decided April 4, 1951.
*24 Before Judges JACOBS, BIGELOW and DONGES.
Mr. Harry V. Osborne, Jr., argued the cause for the appellant (Messrs. Osborne, Cornish & Scheck, attorneys).
The respondent did not file a brief or make an oral argument.
The opinion of the court was delivered by BIGELOW, J.A.D.
The appeal is before us on a very scanty agreed statement in lieu of record. Rule 1:2-22. The statement shows that the action was instituted by the appellant to recover the money due upon a judgment of one of the courts *25 of common pleas of Pennsylvania, rendered more than 20 years earlier, December 4, 1928. The Law Division awarded judgment for defendants because of the delay in bringing the action.
We have no statute which, in express terms, prescribes a period within which an action upon a judgment of another state must be commenced. Our statute of limitations respecting judgments, which has remained unchanged since 1799, Pat. 353, is confined in terms to judgments of this state. R.S. 2:24-6. But the lapse of 20 years since the entry of the judgment of another state, raises a presumption that the judgment has been satisfied. When circumstances are presented to explain the delay, the trier of the facts must judge whether the circumstances are sufficient to override the presumption. But when the lapse of time is unaccounted for, the presumption of payment is conclusive. Gulick v. Loder, 13 N.J.L. 68 (Sup. Ct. 1832). The enforcement of the law of the forum on such questions does not violate the full faith and credit clause of the Constitution. Union Natl. Bank v. Lamb, 337 U.S. 38; 69 S.Ct. 911 (1949).
To rebut the presumption of payment, these proofs were presented: The plaintiff, who is an assignee of the original judgment, called upon one of the defendants, Mrs. Weldon, on August 7, 1945. "She refused to tell me where or when I could see her husband. She simply said they would not make any payment." He testified that during that summer and early fall, he wrote the defendants several letters demanding payment. On December 6, 1945, a fi. fa. was issued on the judgment and was returned nihil habet. While the meaning of the return has not been expounded, we assume that it means that the sheriff found no property of the defendants subject to the execution. Since the presumption that the judgment has been satisfied is a strong one, the evidence offered to rebut it should be convincing. Gregory v. Commonwealth, 15 A. 452 (Pa. 1888). The evidence before us is far from sufficient to overcome the presumption.
It further appears that on June 1, 1949, a writ of *26 scire facias was issued out of the common pleas to revive the old judgment, and damages were assessed. The agreed statement does not show whether judgment was entered upon the scire facias, but counsel for the appellant assured us that a praecipe for judgment was put in evidence in the Law Division and he assumed that judgment had been entered accordingly, although he had not seen a copy of the judgment and did not know its terms. The statute of Pennsylvania to which we are referred, directs the clerk of the court, upon praecipe, to enter judgment of revival of the judgment "against the real estate bound by the judgment, unless sufficient cause is shown to prevent the same." In Cusano v. Rubolino, 39 A.(2) 906 (Pa. 1944), it is said that scire facias "is a process merely to continue or revive the lien of a judgment obtained in an original action." In the present instance, the scire facias was not served on the defendants who had moved from Pennsylvania to New Jersey a few weeks before the writ issued. A copy was mailed to them at their new home. Because of the want of personal service, no judgment that may have been entered on the scire facias could create anew a judgment debt enforceable by an action in New Jersey. Owens v. McCloskey, 161 U.S. 642; 16 S.Ct. 693 (1896). And see Bank of Edwardsville v. Raffaelle, 45 N.E.(2) 651 (Ill. 1942); 144 A.L.R. 401, and Annotation at 403. If we consider that the action before us is brought on the original judgment which was entered in 1928, and that the proceeding on scire facias merely revived or extended that judgment in some manner, then we must hold that such revival or extension is without effect upon the presumption that the judgment has been paid. Union Natl. Bank v. Lamb, supra.
The judgment is affirmed.