193 N.J. Super. 586 (1984)
475 A.2d 618
JON SLOHODA, PLAINTIFF-APPELLANT,
v.
UNITED PARCEL SERVICE, INC., ET ALS., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 10, 1984.
Decided February 6, 1984.
*588 Before Judges ANTELL, JOELSON and McELROY.
Nancy Erika Smith argued the cause for appellant (Ball, Hayden, Kiernan & Livingston, attorneys).
Howard L. Ganz, member of New York bar, argued the cause for respondents pro hac vice (Proskauer, Rose, Goetz & Mendelsohn, attorneys; Howard L. Ganz and Edward P. Lynch on the briefs; Pitney, Hardin, Kipp & Szuch of counsel).
The opinion of the court was delivered by JOELSON, J.A.D.
Plaintiff brought action against United Parcel Service, Inc. (UPS) and several persons in its management personnel. The first count of the six-count complaint alleged that plaintiff had been discharged because of his marital status in violation of N.J.S.A. 10:5-3, N.J.S.A. 10:5-4 and N.J.S.A. 10:5-12 a. Under N.J.S.A. 10:5-12 a, an employer is prohibited from refusing to employ or from discharging from employment any individual because of "race, creed, color, national origin, ancestry, age, marital status, sex or atypical cellular blood trait." Defendants made a motion to dismiss the complaint for failure to state a cause of action or, in the alternative, for summary judgment. *589 The record reveals that after considering the briefs and hearing oral argument, the trial judge stated: "The motion for summary judgment is granted." However, the order which he signed and from which plaintiff has appealed dismissed the complaint "for failure to state a claim upon which relief could be granted."
We note that although defendants' answer raised a separate defense that the complaint failed to state a claim upon which relief may be granted, defendants obtained extensive discovery before making their motion, the granting of which is the subject matter of this appeal. Furthermore, the briefs submitted to the trial court on the motion abound with references to pretrial depositions. Under R. 4:6-2(e), if on a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, "the motion shall be treated as one for summary judgment and disposed of as provided by R. 4:46." Despite the lack of reference to R. 4:6-2(e) by either the trial judge or counsel, we shall treat the order under appeal as an order granting summary judgment. On that basis, we find that summary judgment was inappropriate, and we reverse and remand.
Plaintiff's claim essentially is that he was discharged because he was a married man who had a sexual liaison with a woman other than his wife. He alleges that his services would not have been terminated by defendant if he had been unmarried. Thus, his contention is that the company policy was that any married management employee who engaged in sexual activity out of wedlock would be discharged, but that any unmarried management employee who engaged in sexual activity would not be discharged. Under such a policy, although the employee's illicit sexual relationship would be a factor in the discharge, the controlling factor would be the employee's married status. Put another way, the company would not discharge an employee who engaged in illicit sexual activity unless such employee is *590 married. We are of the opinion that under such circumstances the discharge would result from the employee's marital status.
We hold that if an employer's discharge policy is based in significant part on an employee's marital status, a discharge resulting from such policy violates N.J.S.A. 10:5-12 a. By analogy, if an employer has a policy that it will discharge any female employee who engages in an illicit relationship out of wedlock, but will not discharge any male employee who does so, that policy would violate the statutory prohibition against discriminatory hiring or firing practices based on a person's sex. Similarly, if blacks, but not whites, were to be discharged because of sexual activity outside of wedlock, such discharges would be impermissible because based on color. The only difference between the analogous examples and the case now before us is that in the instant case the invidious distinction was made on the basis of marital status rather than on the basis of sex or color.
We have earlier stated that an employment or discharge policy based in significant part on marital status is violative of N.J.S.A. 10:5-12 a. There are cases, not cited in the briefs submitted to us, which amply sustain that statement. Thus, in Harvard v. Bushberg Bros., 137 N.J. Super. 537 (App.Div. 1975), certif. granted 71 N.J. 493 (1976) (dismissed by stipulation), we said: "If discrimination on the basis of sex played at least a part and was a causal factor in the failure of complainant to be given the job of credit manager, discrimination in violation of the statute has been established." Id. at 540. In King v. Laborers Internat. U. of No. America, U.L. No. 818, 443 F.2d 273 (6 Cir.1971), the court decided that "where it can be shown that discrimination ... was, in part, a causal factor in a discharge or refusal to hire ..., the aggrieved party is statutorily entitled to damages of lost compensation." Id. at 279. There the court was dealing with the Federal Civil Rights Act of 1964. See also Laugesen v. Anaconda Co., 510 F.2d 307, 316-317 (6 Cir.1975); cert. den. sub nom. Fugate v. Hathaway, *591 422 U.S. 1045, 95 S.Ct. 2665, 45 L.Ed.2d 697 (1975); Gillin v. Federal Paper Board Co., Inc., 479 F.2d 97 (2 Cir.1973).
The excerpts in plaintiff's appendix from the depositions of various members of UPS management do not clearly spell out the company policy or why plaintiff was discharged. However, upon reading the record of the oral argument before the trial judge as well as defendants' brief to us, we find the argument advanced that the company could terminate plaintiff's employment because of his "adultery." At the time of argument on the motion before the trial judge, defendants' counsel emphasized the distinction between fornication and adultery, contending that "single people living together and having sexual relations are not engaged in conduct which is deemed as morally wrongful as adultery." In the brief submitted to us on behalf of defendants, counsel again argues that "[o]ur society, rightly or wrongly, has distinguished steadily between fornication and adultery."[1] Counsel then adds: "Unless some law forbade this, UPS's management was privileged to do likewise." We further note the statement in defendants' brief that "defendants have accepted, arguendo, plaintiff's assertion that it was his adulterous relationship with a subordinate employee that prompted his discharge."
Because defendants' counsel in arguing the motion also conceded arguendo such reason for plaintiff's discharge, the trial court was not obliged to make findings of fact under R. 4:46-2 relating to motions for summary judgment. Thus, we lack specific findings of fact as to whether it was company policy to discharge a married man for extra-marital sexual activity only if his involvement is with a subordinate employee or a co-employee. Further, we do not have any finding of fact as to whether the company rule covers an isolated instance of sexual intercourse by a married employee outside of wedlock or *592 is limited to a married employee who maintains a live-in relationship out of wedlock. However, we do not consider this information necessary for the purpose of this discussion because in any event the company's discharge policy would not extend to unmarried persons, but only to the married. We have already expressed our view on the impermissibility of such a policy.
In vacating the summary judgment we do not mean to convey the thought that we necessarily accept plaintiff's statement of the reason for the termination of his employment. Defendants' answer offered as a separate defense that plaintiff was discharged for falsifying records. There is also some suggestion in the depositions that plaintiff's termination was based on the company's anti-nepotism policy which we shall discuss shortly. We merely mean to reject the assertion in defendants' brief that "[e]ven if defendants had fired him for the reason plaintiff assigns, plaintiff would have no claim for relief, and his complaint would be deficient as a matter of law." Our rejection of that assertion does not deprive defendants of the opportunity to demonstrate any other reason why plaintiff's employment was terminated. The advancement of such other reason would however, create a disputed question of material fact, thereby precluding summary judgment. Judson v. Peoples' Bank & Trust Co. of Westfield, 17 N.J. 67 (1954).
UPS unquestionably has a policy against the employment in management or supervisory positions of persons who are married to another UPS employee.[2] Such an anti-nepotism policy has been held not to be violative of N.J.S.A. 10:5-4 and N.J.S.A. 10:5-12 a. Thomson v. Sanborn's Motor Express, Inc., 154 N.J. Super. 555 (App.Div. 1977). In their brief to us, defendants cite Espinoza v. Thoma, 580 F.2d 346 (8 Cir.1978), which held *593 that an anti-nepotism policy is applicable to an employee living with, but not married to, a co-employee. New Jersey courts have not yet decided this question, and we are not required to do so now. However, defendants certainly have the right to endeavor to prove that plaintiff was discharged for violating the company's anti-nepotism rule, and not in order to punish him as a married man having an extra-marital sexual relationship. In the event they so endeavor, we leave it to them to explain why plaintiff was discharged despite the fact that the company anti-nepotism regulation clearly states that "[t]he decision as to which spouse will remain in our employ will rest with the couple."
Thus far our discussion has been limited to the first count of the complaint which alleged a discriminatory discharge. We agree with the statement in a footnote to defendants' brief that "each of the counts was predicated upon plaintiff's claimed right not to be fired for adultery." However, since defendants' motion to dismiss was addressed to the entire complaint, counts five and six should have been given separate consideration. They were apparently not considered at all by the trial judge. Count five alleged that defendants' actions "were taken in retaliation for plaintiff's exercise of privacy [sic]." Count six alleged a violation of "public policy" by defendants. These counts, which are inter-related, were not mentioned by the trial judge at all.
Although an employer is free to discharge an at-will employee, that general rule must yield in the case of an employer who acts contrary to public policy. Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 58, 73 (1980). In the case now under our review, we read the complaint as an allegation by plaintiff that the UPS discharge policy invaded his right of privacy and was, therefore, contrary to public policy. Again we emphasize that we make no finding as to whether the company *594 policy alleged by plaintiff actually existed. However, since defendants conceded arguendo that there was such a policy, the parties were entitled to a ruling from the trial judge as to whether the policy gave plaintiff a basis for relief under counts five and six. It is provided by R. 4:46-2 that on a motion for summary judgment, the court shall act pursuant to R. 1:7-4. Under R. 1:7-4, the court must state "conclusions of law." Since the trial judge here did not do so, a remand is required because at the present time there is no judicial determination on counts five and six for us to review. On the remand, the trial judge should decide whether the employer's policy, as plaintiff alleges it to be, is violative of any right of privacy of the plaintiff and contrary to public policy. In so doing, the trial judge should consider not only the alleged company policy itself, but also whether that policy entails extended inquiry by the employer or any surveillance by the employer of the extra-marital sexual activities of its married employees. If the judge should require additional affidavits or certifications relating to counts five and six, he may call for them. However, he should keep in mind the well-established principle that summary judgment is not warranted where there are disputed questions of material fact and that all inferences of doubt are to be drawn against the moving party in favor of the opponent of the motion. Judson v. Peoples' Bank & Trust Co. of Westfield, supra. Furthermore, trial courts are cautioned against granting summary judgment on a meager record where the ruling sought on the motion would have a broad social and legal effect. Jackson v. Muhlenberg Hospital, 53 N.J. 138 (1969). See also Pressler, Current N.J. Court Rules, Comment R. 4:46-2.
Reversed and remanded for trial as to counts one through four of the complaint. Reversed and remanded for further proceedings consistent with the foregoing as to counts five and six. We do not retain jurisdiction.
NOTES
[1] Neither adultery nor fornication are any longer criminal offenses in the State of New Jersey.
[2] At the time of oral argument before us, we were informed that plaintiff has been divorced and is now remarried to the co-employee in question. We were advised by plaintiff's counsel that if plaintiff were to be permitted to be reinstated, his new wife would elect to leave UPS.